## GEORGE KEELEY *vs.* CITY OF PORTLAND.

## Cumberland.   Opinion June 19, 1905.

*Municipal Corporations. Defective Sewers. Liability for Damage. Judicial Powers. Discretionary Powers. Failure to Repair. Stat. 1854, c. 77. R. S., c. 21, § § 2, 18.*

A municipal corporation is not responsible in damages for injuries caused to a person's property by the flowing back of water and sewage from a public sewer with which the property is connected, where this injury results entirely from some fault in the location or plan of construction of the sewer, or in the general design of the sewer system, and not at all because of any want of repair or failure of the municipality to maintain the sewer to the standard of efficiency of its original plan of construction.

There is no difference in principle upon this question, whether the sewer was originally located and planned by the municipal officers of the city, acting under the authority of the general statutes, as they now exist and have existed for a long time, or by the city council of the city, acting under the authority of a special statute which conferred that power upon the city council.

In either case the duty to be performed is one of a judicial character, involving the exercise of large discretion, with which there is necessarily a broad latitude for the judicial determination of these officers, whoever they may be.

The distinguishing test which will determine the question as to the liability or non-liability of a municipality is to be found in the nature of the duties imposed or authorized by the legislature and to be performed, rather than in the tribunal which is, or the persons who are, authorized and required to perform these duties.

A municipal corporation is not liable to an action for damages either for the non-exercise of, or for the manner in which it exercises in good faith, discretionary powers of a public or legislative character.

For failure upon the part of the city to maintain and keep in repair the sewer which caused the injury to the plaintiff's property, the defendant would have been liable by the express provisions of the special act under which it was located and planned, as well as by those of the general statute. But the evidence does not disclose any failure upon the part of the city in this respect. Upon the contrary, it appears that the injury to the plaintiff's property resulted entirely from the insufficient size of the sewer and of its outlet, a fault in the original plan of construction, for which the city is not liable.

On report. Judgment for defendant.

Action on the case, brought in the Superior Court, Cumberland County, to recover damages caused by the alleged negligent construction and maintenance of a sewer by the defendant, whereby water and sewage flowed back into the plaintiff's cellar. After the evidence had been taken out, it was agreed that the case should be reported and that "upon so much of the foregoing evidence as is competent and legally admissible, the Law Court is to render such judgment as the legal rights of the parties may require. If the Law Court holds the city to be liable, the case is to come back to this court (Superior) for the assessment of damages."

The case is sufficiently stated in the opinion. .

*George M. Seiders and Frank D. Marshall,* for plaintiff.

*Scott Wilson,* City Solicitor, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

WISWELL, C. J. This case comes to the law court from the Superior Court of Cumberland County, upon a report of the evidence, for this court to determine whether or not the action is maintainable. The plaintiff is the owner of property upon India Street in the city of Portland which is connected with a public sewer in that street, and seeks to recover of the city damages for injuries sustained by him caused by the flowing back of water and sewage from this sewer into the cellar of his premises.

The evidence shows that upon numerous occasions, especially during and after heavy rainstorms, the water and sewage in the sewer flowed back into the plaintiff's cellar and caused him more or less injury. But the case does not disclose that there has been any failure upon the part of the city to properly maintain and keep in repair this India Street sewer, or the sewer into which it emptied, and it is fairly to be inferred from the evidence that the injury to the plaintiff was entirely caused by reason of the insufficient size of the sewer, and of its outlet, to take care of the drainage and surface water upon these occasions.

In other words, so far as the case shows, the injury of which the plaintiff complained is wholly attributable to the plan of construction of the sewer, and the general design of the system, and not at all to any fault upon the part of the city to maintain the same in good repair as originally laid out and constructed. The question presented, then, is whether or not a municipality is responsible in damages for injuries of this nature resulting entirely from some fault in the location or plan of construction of a sewer, and not at all because it has not been maintained to the standard of efficiency of its original location and plan of construction.

If this sewer had been located, designed and built under the public statutes as they now exist, and have for a long time existed, there could be, in view of the numerous decisions of this court, no doubt that this question would have to be answered in the negative. As to the determination of the question of the necessity of a public sewer, and as to its location, size and plan of construction, a town in its corporate capacity has no voice, duty or responsibility. These duties are imposed by statute R. S., c. 21, sec. 2, upon the municipal officers of a city or town, that is, in the case of a city, the mayor and aldermen. And in the performance of all of these duties of locating sewers, determining as to their size, grades, connections and outlets, the municipal officers do not act as representatives or agents of the municipality by which they were chosen, but as public officers of the general state government, entrusted with discretionary powers which are to be exercised by them in a quasi judicial capacity.

This view as to the capacity in which municipal officers act under

the sewer statutes, and as to the responsibility of a city or town for their acts, has been frequently stated by this court in its previous decisions. *Estes* v. *China*, 56 Maine, 409; *Darling* v. *Bangor*, 68 Maine, 108; *Bulger* v. *Eden*, 82 Maine, 352; *Gilpatrick* v. *Biddeford*, 86 Maine, 534; *Brunswick Gas Light Company* v. *Brunswick Village Corporation*, 92 Maine, 493. And it has recently been reaffirmed in two decisions by this court which appear in the last volume of our published reports. *Atwood* v. *Biddeford*, 99 Maine, 78; and *Kidson* v. *Bangor*, 99 Maine, 139. In the latter case in enumerating the various propositions necessary for a plaintiff to establish in order to entitle him to a judgment for damages against the city, the court gave this among others: "That the defendant had failed to maintain the sewer or to keep it in repair so as to afford sufficient and suitable flow for all drainage entitled to pass through it. And on this point it must be shown that the defect was not in the original system established by the judicial act of the municipal officers, but that there was an actual failure on the part of the city to maintain and keep the drain in repair after its construction."

This liability of a municipality for failure to keep a public drain in repair, after its construction, is imposed upon it by R. S., c. 21, sec. 18, as follows: "After a public drain has been constructed and any person has paid for connecting with it, it shall be constantly maintained and kept in repair by the town, so as to afford sufficient and suitable flow for all drainage entitled to pass through it; but its course may be altered or other sufficient and suitable drains may be substituted therefor. If such town does not so maintain and keep it in repair, any person entitled to drainage through it may have an action against the town for his damages thereby sustained."

The case of *Blood* v. *Bangor*, 66 Maine, 154, somewhat relied upon by the plaintiff, is not an authority to the contrary, but is entirely in harmony with the long line of cases which we have cited. As stated in the opinion in that case, it was admitted that the city had not maintained and kept in repair the sewer so as to afford sufficient and suitable flow for all drainage entitled to pass through it. That fact, in and of itself, unquestionably made the city liable

under the express provisions of the statute which we have already quoted.

But the sewer complained of in this case was not located, designed or constructed under the provisions of the public statutes now existing, but under chapter 77 of the Public Laws of 1854. And it is argued that the rule as to the liability of the city for faulty location and design of the sewerage system, or for insufficiency and inadequacy in the plan of construction adopted, may be different under the Act of 1854 from that of cities and towns under the general statute, this act being a special statute applicable to the city of Portland alone, and because by that act the authority to construct public drains or sewers was vested in the city council of the city of Portland, consisting of the mayor, the board of aldermen and the common council, instead of in the municipal officers of a city or town as provided by the general statute. It is therefore suggested that under this Act the duty and authority of locating and designing a sewerage system is not vested in an independent tribunal, as at present under the general statutes, but was imposed as a corporate duty upon the city itself, of which the members of its city council were its agents and representatives.

We can perceive no difference in principle. The general statutes authorize the municipal officers of a town, at the expense of the town, to construct public drains or sewers along or across any public way therein, and through the private lands of individuals, when they deem it necessary for public convenience or health. The act in question simply imposed this same duty upon and gave the same authority to the city council of the city of Portland. The distinguishing test which will determine the question as to the liability or non-liability of a municipality is to be found in the nature of the duties imposed or authorized by the legislature and to be performed, rather than in the tribunal which is, or the persons who are, authorized and required to perform these duties. In this case, there can be no difference in principle as to the liability of the city, whether the duty of determining as to the necessity of a sewer and as to the plan of construction of such sewer is imposed by law upon the municipal officers, or upon the city council, in either case the duty to be performed is one of a

judicial character, involving the exercise of large discretion, and within which there is necessarily a broad latitude for the judicial determination of these officers, whoever they may be.

"A municipal corporation is not liable to an action for damages either for the non-exercise of, or for the manner in which in good faith it exercises, discretionary powers of a public or legislative character." Dillon's Municipal Corporations, sec. 949. Although the learned author in the same section says that there may be an implied liability for the negligent or unskilful manner in which strictly corporate powers, as distinguished from public powers are carried into execution, he goes on to say: "But the liability in such cases attaches only when the duties cease to be judicial in their nature, and become purely ministerial."

The general rule is that municipal corporations are not liable to a private action for their neglect to perform or their negligent performance of corporate duties imposed upon it by the legislature, unless such a liability to action has been imposed by statute. As long ago said in the Massachusetts court in *Mower* v. *Leicester*, 9 Mass. 247, when this state was a part of that Commonwealth: "Quasi corporations created by the legislature for purposes of public policy, are subject, by the common law, to an indictment for the neglect of duties enjoined on them; but are not liable to an action for such neglect, unless the action be given by some statute." This principle has been repeatedly affirmed, and this case cited, in the decisions of this court. *Adams* v. *Wiscasset Bank*, 1 Greenl. 361; *Reed* v. *Belfast*, 20 Maine, 246; *Brown* v. *Vinalhaven*, 65 Maine, 402; *Woodcock* v. *Calais*, 66 Maine, 234.

It is true that there are limitations to this rule, or conditions to which it is not applicable, the most important perhaps of which is this: a municipal corporation lawfully owning and controlling property, not in the performance of a public duty enjoined upon it by law, but wholly or partially for its own profit or gain, is liable for negligence in the management of such property to the same extent as business corporations or individuals would be. *Moulton* v. *Scarborough*, 71 Maine, 267; *Bulger* v. *Eden*, supra. Another limitation may be the one referred to by the author of Dillon's Municipal

Corporations in the section above referred to, where the acts complained of were purely ministerial, a distinction noticed by this court in *Stone* v. *Augusta*, 46 Maine, 127. A very exhaustive examination and review of the authorities, both English and American, upon this question of the liability of municipal corporations to a private action for tort, may be found in *Hill* v. *Boston*, 122 Mass. 344.

Upon this ground of ownership for profit, and upon the further ground that the actual work of the construction and subsequent maintenance of a sewer is ministerial it has been held in numerous Massachusetts cases, that independently of any statute a municipality, while not responsible for any defect or want of efficiency in the design and plan of construction of a sewerage system, is responsible for negligently suffering a sewer to become a nuisance to the property of those whose private drains enter into it, if the nuisance did not result from the original plan of construction, and could be avoided by keeping the sewers in proper condition. *Child* v. *Boston*, 4 Allen, 41; *Emery* v. *Lowell*, 104 Mass. 13; *Tindley* v. *Salem*, 137 Mass. 171; *Hill* v. *Boston*, supra. And this is in accordance with the principle as thus stated in Dillon's Municipal Corporations, sec. 1048: " But where the duty as respects drains and sewers ceases to be legislative or judicial or quasi judicial, and becomes ministerial, then, although there being no statute giving the action, a municipal corporation is liable for the negligent discharge or the negligent omission to discharge such duty, resulting in an injury to others." As we have seen by express provision of the public statutes of this state such a liability is imposed upon municipal corporations for a failure to keep drains in repair, after construction, to the injury of any person entitled to connect with them, and the Act of 1854 contained an almost precisely similar provision as to the liability of the city, "after any such public drains shall be constructed."

It may be true that in accordance with these principles, independently of the statutory provisions as to liability, the city of Portland would be responsible for any neglect upon its part or upon the part of its servants to perform the ministerial duty of maintaining and keeping in repair to a reasonable degree of efficiency this sewer, since by the Act abutters and others who had the right to connect

their drains with the sewer were required to pay for this privilege the sums determined upon by the mayor and aldermen. But if this is true, which we need not decide, this liability would be no greater and no different from that imposed upon the city by the express terms of the Act of 1854, or from that imposed upon cities and towns generally by the provisions of the public statutes.

And this is not at all the question here under consideration. As we have seen, the injury to the plaintiff's premises was the result of fault and insufficiency of size in the original plan of construction. This injury is the result of a failure to properly perform duties of a discretionary and judicial character, and not at all from the negligent performance of duties of a ministerial nature. The city is made liable by statute for a failure to perform its ministerial duty of maintaining and keeping in repair the sewer after its construction, and might be liable for this same neglect without this provision of statute, but for fault in design or plan of construction it is not made liable by statute, although the legislature might impose such a liability upon any municipality, and in the absence of such a statute it is not liable according to the generally, and almost universally, accepted doctrine of the decisions in this state, Massachusetts and elsewhere.

For these reasons the action cannot be maintained, and, in accordance with the stipulation, the entry will be,

*Judgment for defendant.*