FANNIE DAVIS *vs.* CITY OF BANGOR.

Penobscot.    Opinion March 27, 1906.

*Municipal Corporations.   Drains and Sewers.   Overloaded Sewer.   Non-liability of Municipality.   R. S., c. 21, §§ 2, 18.*

The injury sustained by the plaintiff, by reason of the flowing back of water and sewage onto her premises from a public sewer, with which the plaintiff's property was properly connected, was not at all caused by any failure of the defendant to maintain and keep in repair this sewer to its original extent and degree of efficiency. It was caused by the sewer becoming overloaded by reason of the same being extended in the direction away from its outlet and by the construction of several other sewers which connected with and emptied into the one in question. But all of these extensions and new sewers, as expressly admitted by the counsel for the plaintiff, were laid out, located and ordered constructed by the municipal officers of the defendant city. Under these circumstances the plaintiff cannot recover. The case comes directly within the principles laid down in *Keeley* v. *Portland*, 100 Maine, 260.

On motion and exceptions by defendant.    Sustained.

Action on the case brought by the plaintiff to recover damages for injuries sustained by her by reason of the flowing back into the cellar of her house of the water and sewage in a certain public sewer

in the defendant city, known as the Davis Brook sewer, with which the premises occupied by the plaintiff were properly connected.

The verdict was for the plaintiff for $192.60, and the defendant filed a motion for a new trial. Defendant also excepted to certain instructions given to the jury by the presiding justice during the charge.

The case appears in the opinion.

*H. L. Mitchell and A. L. Blanchard*, for plaintiff.

*E. P. Murray*, City Solicitor, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

WISWELL, C. J. In this action the plaintiff seeks to recover for injuries sustained by her by reason of the flowing back into the cellar of her house of the water and sewage in a certain public sewer in the city of Bangor, known as the Davis Brook sewer, with which the premises occupied by her were properly connected. The trial resulted in a verdict for the plaintiff and the case comes here upon the defendant's motion for a new trial and exceptions.

By R. S., c. 21, sec. 18: "After a public drain has been constructed and any person has paid for connecting with it, it shall be constantly maintained and kept in repair by the town, so as to afford sufficient and suitable flow for all drainage entitled to pass through it. . . . . If such town does not so maintain and keep it in repair, any person entitled to drainage through it may have an action against the town for his damages thereby sustained."

The case is absolutely barren of any evidence showing or having any tendency to show a failure upon the part of the defendant municipality to maintain and keep in repair this sewer to its original extent and degree of efficiency. What the evidence does show is that subsequent to the construction of the original sewer, with which plaintiff's premises were connected, it had been extended in the direction away from its outlet, and that several other sewers had been located and constructed which emptied into the one in question, thereby at times overloading the sewer beyond its capacity, by reason of which

the injuries complained of were caused. But all these extensions and new sewers, as expressly admitted by the counsel for plaintiff, were laid out, located and ordered constructed by the municipal officers of the defendant city.

The presiding justice instructed the jury as follows :

"The claim is that it was of sufficient capacity to drain that territory over which it passed; but that some years afterwards, at various times, the city conducted into that sewer other and independent sewers, not a part of the original plan of the sewer from the brook to Walter Street, but independent sewers ; and they say that overloaded this sewer, so that in consequence of that overloading the water backed up and did the injury here complained of. If that is so then the city would be liable for the injury suffered." If the foregoing instruction be correct in the abstract, upon the authority of *Blood* v. *Bangor*, 66 Maine, 154, where, as said in the opinion, "the city itself, through the joint action of its common council and board of aldermen caused two other public sewers to be connected with " the sewer in question, the instruction was erroneous and prejudicial to the defendant in this case, because this extension and these new sewers were not connected with the sewer in question by the city itself, through the joint action of the two boards of the city government but were located and connected with this sewer by the municipal officers, as admitted by plaintiff's counsel, which admission must have been lost sight of for the moment by the presiding justice.

"These duties are imposed by statute, R. S., c. 21, sec. 2, upon the municipal officers of a city or town, that is, in the case of a city, the mayor and aldermen. And in the performance of all these duties of locating sewers, determining as to their size, grades, connections and outlets, the municipal officers do not act as representatives or agents of the municipality by which they were chosen, but as public officers of the general state government, entrusted with discretionary powers which are to be exercised by them in a quasi judicial capacity." *Keeley* v. *Portland*, 100 Maine, 260. The case therefore comes exactly within the rule laid down in *Keeley* v. *Portland*, that a municipal corporation is not responsible in damages for injuries caused to a person's property by the flowing back of water and

sewage from a public sewer with which the property is connected, where this injury results entirely from some fault in the location or plan of construction of the sewer, or in the general design of the sewer system, and not at all because of any want of repair or failure of the municipality to maintain the sewer to the standard of efficiency of its original plan of construction.

*Motion and exceptions sustained.*