CHARLES E. BROWN *vs.* HOWARD L. SANBORN.

York.    Opinion, February 15, 1932.

*Ray P. Hanscom*, for plaintiff.
*Verrill, Hale, Booth & Ives*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.   DUNN, J., Non-Concurring.

PATTANGALL, C. J. Action for damages resulting from a collision between two auto trucks. The case comes forward on an exception taken to an ordered verdict for defendant. The sole issue presented here is, therefore, whether or not the evidence viewed in the light most favorable to plaintiff's contentions could have warranted a verdict in his favor.

The entire evidence, while not specifically included in the bill of exceptions, is under the circumstances necessarily before us for consideration. *Peoples National Bank* v. *Nickerson*, 108 Me., 341.

A study of the record discloses sufficient testimony to justify a finding that defendant was guilty of negligence. The issue narrows then to the question of whether or not, on the record, the plaintiff can be said to be guilty of contributory negligence as a matter of law. That was the conclusion of the trial Judge and careful scrutiny fails to reveal error on his part.

Plaintiff's truck, driven by his son, employed by plaintiff and at the time of the collision engaged in his business, in broad daylight, on a state highway twenty feet in width, collided with defendant's truck coming from the opposite direction, at a point where each was visible to the other at a distance of at least one hundred and fifty feet. The only eye witnesses were the two truck drivers.

Eliminating from our consideration the testimony of defendant, who places the entire blame for the collision on plaintiff's agent, we have recourse to the story told by the latter.

He testified that he had driven a car for three years, that on the morning in question he was proceeding along a cement highway twelve feet in width, that on his right hand the soil next to the cement to the width of three feet was covered with tarvia and on the opposite side five feet of tarvia, making a travelled way twenty feet wide, although ordinarily cars made use of the cement covered portion in preference to the remainder of the road.

He had driven down one hill, short and not particularly steep, across a level and had reached the foot of another hill which he was about to ascend when he saw defendant's truck coming over the brow of the hill, one hundred and fifty feet away, directly and rapidly approaching him.

Up to that time, the position of his truck is described as being such that his left wheel was about two feet to the left of the middle

of the cement. In other words, he was occupying about eight feet of the cement, leaving about four feet for use by cars approaching him, although they could, of course, readily pass by making use of the portion of the way which was covered with tarvia.

The defendant, according to the testimony of plaintiff's agent, was likewise on his left side of the road, so that if both trucks continued as they were then moving, a collision was inevitable.

The law of the road required that each should seasonably turn to the right of the middle of the travelled way so as to pass without interference. R. S., Chap. 29, Sec. 1 and 2. Regardless of the statutory provision, the exercise of reasonable care dictated such a course.

Defendant turned to his right but not sufficiently to avoid the left wheel of his truck coming in contact with the left wheel of plaintiff's truck. Plaintiff's agent, instead of turning to his right, attempted to stop but failed to do so, then endeavored to turn to the right and, the effort being unsuccessful, continued to move slowly ahead in the same direction in which he had been travelling, up to the time of impact.

The fact that at the time of the accident the plaintiff's truck was to its left of the middle of the way convicts the plaintiff's agent of negligence as a matter of law, unless the *prima facie* evidence of his negligence is explained away by evidence. *Sylvester* v. *Gray*, 118 Me., 74; *Raymond* v. *Eldred*, 127 Me., 11. The fact that a party is on the wrong side of the road at the time of a collision is strong evidence of carelessness and, unexplained and uncontrolled, conclusive evidence of carelessness. *Bragdon* v. *Kellogg*, 118 Me., 42; *American Insurance Co.* v. *Witham et als*, 124 Me., 240.

The only explanation which plaintiff's agent gives for his failure to turn toward the right when he observed the oncoming truck was that, seeing defendant's truck "coming right toward me," he was "scared" and in nervous excitement slowed his own truck almost to a stop so that it moved so slowly as not to readily answer the steering wheel. This, quite obviously, is not a sufficient explanation to relieve him from the duty imposed upon him by law.

The situation created no emergency. It was the ordinary condition with which drivers of motor vehicles are frequently confronted. There was nothing to confuse, bewilder, or frighten a driv-

er of ordinary intelligence and experience. The collision could readily have been avoided by the exercise of reasonable care on the part of plaintiff's agent.

*Exceptions overruled.*