ELMER C. AUSTIN

*vs.*

INHABITANTS OF ST. ALBANS

Somerset.    Opinion, March 10, 1949.

*Ames and Ames,* for plaintiffs.

*Clayton E. Eames,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

FELLOWS, J.  This case is before the Law Court from the Superior Court in Somerset County on plaintiff's exceptions to a directed verdict.  The evidence is necessarily a part of the case, whether made so by the bill or not, where a verdict is directed.  *Brown* v. *Sanborn,* 131 Me. 53; 158 A. 855; *Bradford* v. *Davis,* 143 Me. 124; 56 Atl. (2nd) 68.

The statute, on which this action depends, is R. S., 1944, Chap. 84, Sec. 156 as amended by Chap. 219 of the Public Laws of 1945, which provides that "the municipal officers of a town may, at the expense of the town, construct ditches, drains and culverts to carry water away from any highway or road therein * * * such ditches, drains or culverts shall be under the control of said municipal officers * * * if such town does not maintain and keep in repair such ditches and culverts the owner or occupant of the lands through or over which they pass may have his action against the town for damages thereby sustained."

There was evidence to show that a roadway in the town of St. Albans extended easterly and westerly, and that the plaintiff owned a farm on the lower, or southerly, side of this way.  The plaintiff testified that a road commissioner went on to this "old dirt road" in 1946 and put on a large quantity of gravel.  The commissioner also used road machines, and "just turned the bank up, rolled the banks right up."  "They didn't put enough ditch there to take care of the water and of course it come all over me."  Gravel during a rainy season was also washed on to the plaintiff's property.

There is no record or other evidence to show that the municipal officers of the town ever constructed any ditch or drain, or ever took any action in that regard. The evidence shows no record of the establishment or existence of this way. It shows only the facts that it was an "old road" used by the general public as a highway for many years, and that the town's road commissioner had put on gravel, plowed out the sides for ditches, and made certain repairs from time to time.

The land of the plaintiff was apparently, in some places, on a lower level than the land upon the northerly side of the way, and thus received water, gravel and debris from the road, and from across the road, during the heavy rains. The plaintiff claims to be entitled to damages because the ditches were not "maintained and kept in repair," according to the statute, and says that the ruling by the presiding justice in directing a verdict for the defendant town was erroneous.

The statute in question, R. S. (1944), Chap. 84, Sec. 156, above quoted, gives authority to the municipal officers to construct ditches, in a similar manner to authority to construct drains and sewers in the same Chapter 84, Sections 134, 148. In the performance of their duties, including location, size, outlets, and type of construction, the municipal officers do not act as agents of the town, but they act as public officers of the State in a quasi judicial capacity. *Davis* v. *Bangor,* 101 Me. 311; 64 A. 617; *Keeley* v. *Portland,* 100 Me. 260; 61 A. 180.

The action of municipal officers, as such judicial board, must be taken with formality and entered of record. Parol evidence cannot supply a record, and parol evidence is inadmissible to prove the action of the board, unless the record is incomplete, incorrect, or lost. *Kidson* v. *Bangor,* 99 Me. 139, 147; 58 A. 900.

If a ditch is constructed by legal act of the municipal officers of the town, and is not large enough to care for the

water, there is no remedy under this statute. It is only through failure to maintain and keep in repair such ditch, as it was constructed by the municipal officers, that the resulting damage can be recovered. The municipal officers do not act under the statute as agents, and if damage results from insufficient size of a ditch, or other fault in original plan of construction, the town is not liable. When the municipal officers act judicially as a statutory board, the town is not liable for its honest errors of judgment. There must be a failure to repair, or maintain, to the standard of efficiency of its original plan of construction. *Keeley* v. *Portland,* 100 Me. 260; 61 A. 180; *Davis* v. *Bangor,* 101 Me. 311; 64 A. 617.

In the present case the writ contains three counts: (1) that there was a failure to repair a "ditch" and "turnout ditch" on the southerly side of the way; (2) that the ditch on the northerly side of the road was insufficient to care for the amount of water in times of rain, and water crossed the road onto plaintiff's land, and (3) that there was a bridge over a stream at the northwesterly corner of plaintiff's land, higher than the land roadway, so that in time of flood the water overflows "from said ditch," carrying gravel and rocks from the road onto plaintiff's land.

The claim of the plaintiff is based on the failure of a ditch or ditches, but there is no evidence that any ditch was ever legally constructed by the municipal officers. On the contrary, the only evidence was to the effect that a road commissioner, or road commissioners, put gravel onto the road and did not, as the plaintiff said, "put enough ditch." If there had been any evidence to show construction of a ditch under the authority of the municipal officers, there was nothing to show lack of repair. The proof related to sufficiency in size of a ditch, if anything.

The plaintiff states in his brief that he is entitled to damages for defective highway, in any event, because the town has "within six years before the injury made repairs on the

way" and cannot "deny the location of such way," citing R. S. (1944), Chap. 84, Sec. 89. This section of the statute, however, expressly refers to the preceding section (R. S., 1944, Chap. 84, Sec. 88), which section creates the well-known cause of action for defective way when a defect in the highway is the sole cause of any injury, upon previous notice of defect and notice of claim. There are no such allegations in this writ, no notice proved, and no defect in the highway, as sole cause shown. This pending writ and declaration, and the evidence introduced in support, claimed damage alleged to be due to a defective ditch or ditches under Revised Statutes, 1944, Chapter 84, Section 156.

The action of the presiding justice in directing a verdict for the defendant, was proper. The jury had no evidence before it on which a verdict for the plaintiff could be based. *Heath* v. *Jaquith,* 68 Me. 433; *Pike* v. *Smith,* 120 Me. 512; 115 A. 283; *Champlin* v. *Bean,* 143 Me.    ; 60 Atl. (2nd) 140.

The record shows that the reason, or one of the reasons, given by the justice presiding for directing a verdict was, that there was no evidence that the road was properly laid out as a town, county or state highway. The plaintiff says the action of the presiding justice in directing a verdict was, therefore, error because there was *some evidence to show a road* by continued use, and cites *State* v. *Bunker,* 59 Me. 366. The status of the road is not the issue. The question is, whether there was a statutory ditch, or ditches, out of repair. The order directing the verdict was right, as we have before shown, and the fact that a wrong reason may have been given for the decision is immaterial. *Warren* v. *Walker,* 23 Me. 453; *Petition of Kimball,* 142 Me. 182; 49 Atl. (2nd) 70. No verdict other than a verdict for the defendant could be upheld.

*Exceptions overruled.*