Deborah WHALEN, et al.

v.

TOWN OF LIVERMORE, et al.

Supreme Judicial Court of Maine.

Argued March 18, 1991.

Decided April 2, 1991.

Deborah Whalen, pro se.

James N. Katsiaficas, Jensen, Baird, Gardner & Henry, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS, and BRODY, JJ.

WATHEN, Justice.

Plaintiffs Deborah Whalen, Marjorie Davis, George Davis, and Philip Goding appeal from two judgments of the Superior Court (Androscoggin County, *Alexander, J.*) in favor of defendants Town of Livermore ("Town") and Thomas Richmond, Gary Young, and Raymond Lowell, selectmen for the Town of Livermore. Plaintiffs argue that the Poland Hill Road is not abandoned, pursuant to 23 M.R.S.A. § 3028 (1988 and Supp.1990), and the Town is liable to maintain the road under 23 M.R.S.A. § 3652 (1980). We disagree and affirm the Superior Court's judgments.

In count I of their complaint, plaintiffs sought a declaratory judgment regarding the Town's obligation to maintain and repair the Poland Hill Road. In its judgment, the court declared that the Town is not obligated to maintain the road, and plaintiffs are not otherwise entitled to relief. The court based its judgment on the following facts: The Poland Hill Road was established and maintained as a town road from the mid–1800's until the early 1940's by which time the Town had ceased maintaining the road. Since then the Town has not designated or held the disputed portions of the road as a way for passage and use of the general public by motor vehicles of the type regularly used to travel on highways. In 1946 and 1948, the Town voted to discontinue the portions of the road under dispute. With the exception of some minor repair work and occasional assistance in clearing the road after major snow storms, the Town provided no maintenance on the road after 1945. Due to its judgment on count I, the court granted defendants' motion for summary judgment on counts II, III, and IV of plaintiffs' complaint.[1]

Plaintiffs' principal contention on appeal is that the court erred in finding that the Poland Hill Road had been abandoned under 23 M.R.S.A. § 3028. That statute provides, in pertinent part:

> It shall be prima facie evidence that a town or county way established prior to January 1, 1946, and not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years next prior to January 1, 1976, has been discontinued by abandonment. A presumption of abandonment may be rebutted by evidence that manifests a clear intent by the municipality or county and the public to consider or use the way as if it were a public way.... A presumption of abandonment is not rebutted by evidence which shows isolated acts of maintenance, unless other evidence exists which shows a clear intent by the municipality or county to consider or use the way as if it were a public way.

23 M.R.S.A. § 3028. Plaintiffs attack the court's findings that the road was never anything but a town way, that the Town validly voted to discontinue the road at its 1946 and 1948 town meetings,[2] and that any work performed on the road by the Town were isolated acts of maintenance.

 It is undisputed that plaintiffs, as the appellants, have the burden to provide an adequate record on appeal. *See Lamb v. Euclid Ambler Ass'n,* 563 A.2d 365, 367 (Me.1989). In this case, as in *Lamb,* plaintiffs failed to include a transcript of the

---

**1.** In count II, plaintiffs sought damages pursuant to 23 M.R.S.A. § 3251 (1980) (failure to maintain and keep in repair ditches, drains, and culverts), in count III, they sought damages pursuant to 23 M.R.S.A. § 3655 (1980 and Supp. 1990) (for causing damage and/or defects in road's drainage system), and in count IV, they sought damages and "to enjoin defendants from trespassing upon their lands and to abate the nuisance they have caused by repairing the

damages caused to the Road and its drainage system."

**2.** The Town voted to abandon the Poland Hill Road under R.S.1944 c. 84, § 32 which states: "A town, at a meeting called by warrant containing an article for the purpose, may discontinue a town or private way; and the municipal officers shall estimate the damages suffered by any person thereby."

trial proceedings in the record they provided. Thus, we "must assume there was sufficient evidence in the record to support the court's findings." *Id.* Under section 3028, in order to rebut the presumption of abandonment, plaintiffs had the burden of presenting "evidence that manifests a clear intent by the municipality or county and the public to consider or use the way as if it were a public way. A presumption of abandonment is not rebutted [merely] by evidence which shows isolated acts of maintenance." 23 M.R.S.A. § 3028. In the absence of a transcript, we cannot say that the court was compelled to find that the Town intended to "consider or use the way as if it were a public way" or that the presumption of abandonment was rebutted by evidence that the Town had performed some maintenance on the road. *See id.; Lamb v. Euclid Ambler Ass'n,* 563 A.2d at 367. Furthermore, the court found that no one, including plaintiffs' predecessors in title, had challenged the validity of the Town's 1946 and 1948 votes for discontinuance.[3] Because that decision is *res judicata* and not now subject to collateral attack, the votes "must be presumed to have the operative consequences apparently intended by the [Town]: to discontinue the road." *Fayette v. Manter,* 528 A.2d 887, 889 (Me.1987); *see also Standish Tel. Co. v. Saco River Tel. & Tel. Co.,* 555 A.2d 478, 481 (Me.1989) (extending "the principle of the *res judicata* effect of final judgments to adjudicative decisions of administrative bodies"). Thus, the court's factual findings must be deemed to be supported by sufficient evidence, and any valid conclu-

sions based on these findings must be affirmed.

■ In count II of their second amended complaint, plaintiffs seek consequential damages, pursuant to 23 M.R.S.A. § 3251,[4] for injuries "sustained to their property and real estate as a result of the Town's failure to maintain and keep in repair ditches, drains and culverts on the Poland Hill Road." In *Austin v. Inhabitants of St. Albans,* 144 Me. 111, 65 A.2d 32 (1949), the plaintiff sought damages from the town for inadequate maintenance of a roadside ditch, pursuant to R.S. ch. 84, § 156 (1944), the predecessor to section 3251. *Id.* at 113, 65 A.2d 32. In *Austin,* we affirmed the Superior Court's directed verdict for the town because there was "no record or other evidence to show that the municipal officers of the town ever constructed any ditch or drain, or ever took any action in that regard." *Id.* Because "[t]he evidence shows no record of the establishment or existence of this way," and the town is only obligated "to maintain and keep in repair such ditch, as it was constructed by the municipal officers," we concluded that no damages could be recovered under the statute. *Id.* at 113, 114, 65 A.2d 32.

Here, as in *Austin,* there is nothing in the record to indicate that the Town ever planned or constructed a ditch, drain, or culvert on the Poland Hill Road. To the contrary, the affidavits presented in support of the Town's motion for summary judgment show that the selectmen "[n]ever constructed any ditch or drain or ... took any action in that regard." *Id.* at 113, 65 A.2d 32. Because plaintiffs failed to submit any affidavits to rebut this evidence,

---

**3.** The Superior Court pointed out that R.S. ch. 84, § 32 (1944), the statute under which the Town discontinued the Poland Hill Road, provided for municipal officers to estimate the damages suffered by any person as a result of the discontinuance of a town way. While there is no record of any damages payment made at the time of the discontinuance, there is also no record of an appeal by any injured person. Parties aggrieved by the Town's decision had statutory rights of appeal to the Superior Court with respect to damages. *See id.* § 33. Because no timely appeal was taken, the discontinuance of the road may not be collaterally attacked now.

**4.** Section 3251 provides in pertinent part:

The municipal officers of a town may at the expense of the town construct ditches, drains and culverts to carry water away from any highway or road therein, and over or through any lands of persons or corporations, when they deem it necessary for public convenience or for the proper care of such highway or road.... If such town does not maintain and keep in repair such ditches, drains and culverts, the owner or occupant of the lands through or over which they pass may have his action against the town for damages thereby sustained.

23 M.R.S.A. § 3251.

there is no issue as to any material fact, and the court did not err in granting summary judgment for defendants on count II.

■ In count III, plaintiffs seek consequential damages, pursuant to 23 M.R.S.A. § 3655,[5] for the injuries to their properties and real estate allegedly caused by the "defects and want of repair of the Poland Hill Road." We have long held that a highway statute "imposes no liability for defects which the town is under no obligation to repair." *Wiley v. Ellsworth*, 64 Me. 57, 60 (1874). Under section 3655, plaintiffs can only recover for damages caused by defects in roads which the Town is "obliged by law to repair." 23 M.R.S.A. § 3655. The court determined in its decision on count I that the Town is not obligated to maintain the disputed sections of the Poland Hill Road. Thus, plaintiffs are not entitled to recover for damages allegedly caused by defects in a road that the Town is not obligated by law to repair.

■ In count IV, plaintiffs seek damages and to enjoin the defendants from trespassing upon their lands and to abate the nuisance they allegedly caused by repairing certain damages to the road and its drainage system. The Town and selectmen, however, are immune from liability for damages for trespass and nuisance under the Maine Tort Claims Act. 14 M.R.S.A. §§ 8103(1) (1980).[6] Thus, plaintiffs' claims are barred, and the court did not err in granting defendants' motion for summary judgment on count IV.

The entry is:

Judgments affirmed.

All concurring.

---

**5.** Section 3655 provides in pertinent part:

Whoever receives any bodily injury or suffers damage in his property through any defect or want of repair or sufficient railing in any highway, town way, causeway or bridge may recover for the same in a civil action, to be commenced within one year from the date of receiving such injury or suffering damage, of the county or *town obliged by law to repair the same.*

23 M.R.S.A. § 3655 (emphasis added).

**6.** Section 8103 provides in pertinent part: "Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S.A. § 8103(1). Section 8111 provides for personal immunity for employees of governmental entities. *Id.* § 8111.