STATE OF MAINE
WASHINGTON, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-19

TDW - WAS - 1/20/2000

CHRISTIAN MUMME, et al.,

Plaintiffs

vs.

INHABITANTS OF THE
CITY OF EASTPORT,

Defendant

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

Before the court is defendant City of Eastport's motion for summary judgment, which is addressed to all of the causes of action asserted in the complaint:

1.   Count I - Alleged Violation of 23 M.R.S.A. §3251

In count I of the complaint plaintiffs allege that the City violated 23 M.R.S.A. §3251 (1991), which provides in pertinent part that if a town

> does not maintain and keep in repair. . . ditches, drains and culverts, the owner or occupant of the lands through or over which they pass may have his action against the Town for damages thereby sustained.

As the City points out, the Law Court has held that the statutory predecessor to section 3251 only permits an action for damages based on failures to maintain or repair and that if a ditch, drain, or culvert is "not large enough to care for the water, there is no remedy under this statute". Austin v. Inhabitants of St. Albans, 65 A.2d 32, 144 Me. 111, 113 (1949). Plaintiffs' answers to interrogatories (question 23) establishes that plaintiffs are not claiming that the City allowed the septic system to fall into disrepair but are instead claiming that the new system was improperly

designed. This precludes liability under §3251, and requires summary judgment on Count I.[1]

2.    Count II - Nuisance

The Mummes' claims for damages based on nuisance are barred by the Maine Tort Claims Act. See 14 M.R.S.A. 8103(1) (1979) and Whalen v. Town of Livermore, 588 A.2d 319, 322, cert. denied, 502 U.S. 959 (1991). Summary judgment is therefore granted to the City on Count II of the complaint.

3.    Count III - Application for Injunctive Relief to Abate the Alleged Nuisance

Although the Mummes' claims for nuisance damages are barred by 14 M.R.S.A. §8103(1), that section expressly applies only to "tort claims seeking recovery of damages". Count III of the Mummes' complaint seeks abatement of an alleged nuisance, not damages, and is therefore not barred by the express terms of the Maine Tort Claims Act. The Whalen case suggests that an action for abatement may nevertheless be barred to the same extent as an action for damages. See 588 A.2d at 322. However, it does not appear that the injunctive relief issue was highlighted in Whalen, and other cases appear to establish that prospective injunctive relief against governmental entities is not barred by sovereign immunity. See, e.g.,

---

[1]    At the same time, the court disagrees with the City's alternative arguments that plaintiffs' §3251 claim is barred by the statute of limitations and the notice of claim provisions of the Maine Tort Claims Act. Those provisions only apply to claims "permitted by this chapter". See 14 M.R.S.A. §8107(1), 8110 (1979 and Supp. 1999). A claim under 23 M.R.S.A. §3251 is not a claim "permitted" by the Tort Claims Act. See 14 M.R.S.A. §8102(2-A) (Supp. 1999). While the question of when the plaintiffs' cause of action accrued for statute of limitations purposes need not be reached, the court is also inclined to conclude (contrary to the City's argument) that a new cause of action accrued every time plaintiffs' property was flooded.

2

<u>Moody v. Commissioner, DHS</u>, 661 A.2d 156, 158-59 (Me. 1995); <u>Wellman v. Department of Human Services</u>, 574 A.2d 879, 884 n. 11 (Me. 1990).

The City's remaining argument is that Count III should be dismissed based on the Mummes' failure to designate an expert. Without expressing any view on whether the City may ultimately be entitled to prevail in this case because of the Mummes' failure to designate an expert or whether Mr. Mumme can offer his own opinion in light of his training and experience (see Mumme affidavit ¶3), the court finds that there are issues of fact as to Count III that cannot be resolved on summary judgment. On the present record, there are at least disputed issues of fact as to (1) whether the facts in this case are such that the Mummes can proceed on a <u>res ipsa</u> theory; (2) whether the nuisance claim raised by the Mummes is the kind of claim that cannot be proven in the absence of expert testimony; and (3) whether Mr. Mumme's own testimony could carry plaintiffs' burden or at least suffice to avoid a directed verdict at trial. Summary judgment is therefore denied as to the claim for injunctive relief in Count III.

The clerk is directed to incorporate this order into the docket by reference pursuant to Rule 79(a).

Dated: January 20, 2000

Thomas D. Warren
Justice, Superior Court

3

Date Filed 4/14/97          Washington          Docket No. Cv 97-19
                              County

Action Complaint for Monetary Damages-Violation of 30-A M.R.S.A. 3401-
       Damages as the Resualt of Nuisance-Abatement of Nuisance

DONALD L. GARBRECHT
LAW LIBRARY

JAN 28 2000

                                          The Inhabitants of the City of Eastport,
                                          Acting through the City Council, and its
Christian Mumme and Gail Mumme      vs.   appointed Code Enforcement Officer

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Norman P. Toffolon, Esq.<br>P.O. Box 58<br>Machias, Maine 04654 | John P. Foster, Esq.<br>71 Water Street<br>Eastport, Maine 04631<br><br>Bruce Mallonee, Esq.  Bar #2286<br>Rudman & Winchell<br>P.O. Box 1401<br>Bangor, Maine 04402-1401 |
| Date of<br>Entry | |