Filed March 27, 1896.

---

No. 2,028.

## VAUGHTMAN *v.* THE TOWN OF WATERLOO.

MUNICIPAL CORPORATION.—*Town.—Negligence.—Liability.—Legislative and Judicial Acts.—Ministerial Acts.—*A town is not liable for negligence in the performance of a duty which is legislative or judicial, or in failing to perform such duty ; but it is liable for the negligent exercise of privileges granted, and for neglect to perform ministerial duties.

SAME.—*Town.—Liability for Acts of Marshal in Making Arrest.— Penal Ordinance.—*A town is not liable for the acts of an officer in making an arrest for violation of a penal ordinance prohibiting the running of hacks within the limits of the town by an unlicensed person.

SAME. — *Town, Agreement to Indemnify its Marshal. — Arrest. —*

Vaughtman *v.* The Town of Waterloo.

*Penal Ordinance.*—A municipal corporation cannot be held liable on an agreement to indemnify an officer for performing his duty by making an arrest for violation of a penal ordinance of such corporation.

SAME.—*Town Marshal.*—*Arrest.*—*False Imprisonment.*—*Default.*—*Liability of City on Agreement to Indemnify.*—An officer who has failed to defend an action against him for making an arrest for violation of a valid ordinance, cannot recover the amount of a judgment rendered against him from the town passing such ordinance, on the ground that it had agreed to indemnify and defend him.

From the De Kalb Circuit Court.

*J. E. Rose, J. H. Rose* and *C. M. Phillips,* for appellant.

*J. F. Shuman* and *C. A. O. McClellan,* for appellee.

Ross, J.—In the year 1890, the appellee had in force an ordinance to regulate and control the driving of hacks and other vehicles over and upon the streets of said town, and making it a misdemeanor for the owner of any hack or other vehicle to carry passengers for hire within the incorporated limits of said town without first procuring a license so to do. Said ordinance also made it the duty of the marshal of said town to arrest all persons found running hacks or other vehicles and carrying passengers for hire within said limits who had not first procured such license. The appellant, who was the elected and acting marshal of said town, in October, 1890, arrested one Joseph Crayes, for a violation of said ordinance, and subsequently said Crayes sued and recovered judgment against appellant for false imprisonment on account of such arrest. The appellant brought this action against appellee to recover back from it the amount of said judgment, which he was compelled to pay. In his complaint, after alleging the passage of the ordinance and the terms of the same, he

avers that before making the arrest he reported to the appellee that said Crayes would resist the enforcement of the ordinance upon the theory that the town had no authority to pass such an ordinance and that thereupon appellee, "by her board of trustees, duly promised and agreed" with appellant that if he would make the arrest, appellee would prosecute said Crayes and would save appellant "harmless and would pay him for all costs, trouble and expense which he might be put to by reason of commencing said action; that if said Crayes would sue him for making said arrest, the defendant (appellee) would defend" him and pay all costs and damages which he might incur by reason of said arrest; that in consideration of and relying upon said promise and agreement of appellee, appellant made the arrest on a warrant duly issued by one Oliver P. Smith, a duly qualified justice of the peace, etc.

A municipal corporation is a body corporate and politic, created by the law and invested with special powers relating particularly to the government of its own local affairs.    *East Tennessee University* v. *Mayor, etc.*, 6 Baxt. (Tenn.) 166; *Philadelphia* v. *Fox*, 64 Pa. St. 169; *Mayor of Nashville* v. *Ray*, 19 Wall. (U. S.) 468.

Judge Dillon in his work on Municipal Corporations (4th Ed.), section 20, defines them to be "the incorporation by the authority of the government of the inhabitants of a particular place or district, and authorizing them in their corporate capacity to exercise subordinate specified powers of legislation and regulation with respect to their local and internal concerns.    This power of local government is the distinctive purpose and distinguishing feature of a municipal corporation proper."

And in *Board, etc.*, v. *Mighels*, 7 Ohio St. 109, the court says : "Municipal corporations proper are called

into existence, either at the direct solicitation or by the free consent of the persons composing them, for the promotion of their own local and private advantage and convenience."

In many jurisdictions the word "municipal" is applied to any and all subdivisions of the State without any distinction, and for that reason expressions of the courts in cases where all of such subdivisions are recognized simply as political subdivisions of the State, are inapplicable; whereas, in this State, cities and towns are bodies corporate and politic with many of the general powers of private corporations. Their powers are not inherent, but are such only as are specially granted by the law under which they are created. And their liability, while greater than that of a county, which is merely an involuntary subdivision of the State itself, is not as great as that of an individual, or of a private corporation. They are created mainly for the interest, advantage and convenience of the locality and its people, and they have both duties and privileges, and for negligence in the performance of any duty whether legislative, judicial or discretionary in its nature, or for a failure to perform such duty, no liability attaches, but for negligence, resulting in injury, arising from the exercise of the privileges granted, or from neglect to perform a duty ministerial in its nature, they are liable in damages. *Faulkner* v. *City of Aurora*, 85 Ind. 130; *City of Lafayette* v. *Timberlake*, 88 Ind. 330; *City of Anderson* v. *East*, 117 Ind. 126 (2 L. R. A. 712).

The controlling question in this case is, could the appellee be held responsible for the arrest of Crayes, had suit been brought against it therefor? If it could, then there would be no injustice in compelling it to reimburse appellant. But if appellee would not have

been liable to Crayes, no liability exists against it in favor of appellant.

"Cities and towns incorporated under the laws of this State have two general classes of functions, which may be denominated governmental and domestic or corporate." *Town of Laurel* v. *Blue*, 1 Ind. App. 128. And "officers appointed to execute the laws and ordinances are not agents engaged in corporate duties, but are public officers appointed at the command of the Legislature by the corporate authorities. There is no more reason for holding cities responsible for the wrongs of police officers than there is for holding counties or townships responsible for the torts of sheriffs and constables." *City of Lafayette* v. *Timberlake, supra.*

It is clear from the allegations of the complaint that at the time of the arrest the appellant was acting as marshal of the town of Waterloo, and in making the arrest he was obeying the mandate of a court of law, and performing his duties as such marshal in attempting to enforce a penal ordinance. While in the performance of such duties he was acting for the public in the performance of a duty imposed by law, and not acting in the sense of an agent or representative of the town in its domestic or corporate capacity. The ordinance under which appellant made the arrest was in the nature of a police regulation and power to enact it is specially conferred as necessary to the good government of the town. To enforce it was a duty the appellant owed the public and for his acts, while performing such duty, the town was not liable.

But it is insisted that inasmuch as the enforcement of the ordinance in question was for the benefit of the town, in that the fund derived by way of fines or penalties inured to it as sole beneficiary, the ordinance so far partook of the nature of a privilege that the town

officers could lawfully undertake to indemnify appellant for any loss or injury sustained by him in an attempt to enforce it.

We doubt very much whether a case can arise where a municipal corporation can be held liable to a public officer upon an agreement on its part to indemnify such officer for loss which is the result of the performance of his duties. The duty is imposed by law and the law requires the officer to perform it without being indemnified. And a municipal corporation has no right or power to agree to indemnify an officer for the performance of his duty.

Counsel for appellant in their brief admit that the appellee had the power to pass the ordinance which the appellant was seeking to enforce, and it is alleged in the complaint that the ordinance was a valid one and in full force. If the ordinance was valid and enforceable no judgment should have been rendered against the appellant for performing his duty in enforceing it, unless he attempted to do so without proper authority or acted unlawfully in the performance of his duty. That a judgment was rendered against him was not appellee's fault. We cannot at this time determine the correctness of the judgment rendered against the appellant, because that question is not before us, but, so far as the facts alleged in the complaint disclose, the appellant was negligent, if any body, in not making a defense. It was the duty of the appellant, if he desired to escape liability, to defend in that action, and he had no right to rely upon the promise of the appellee to indemnify and defend him. The law does not require that a municipal corporation shall defend its officers in the performance of their duties, hence for a failure to make a defense, even though its officials promised to do so, no liability attaches, for the reason that no duty

has been violated and there is no liability unless a breach of a duty is shown.

No authorities have been cited by counsel wherein the question here presented has ever been considered, but after careful consideration we think that the general statement of the rules of liability which attach to such corporations clearly indicate that there is no liability on the part of appellee.

The court below did not err in sustaining the demurrer to the appellant's complaint.

Judgment affirmed.

Filed March 27, 1896.