E. F. MARTIN v. CITY OF GREENSBORO and THE NORTH CAROLINA PUBLIC SERVICE COMPANY, INC.

(Filed 20 April, 1927.)

**1. Municipal Corporations—Cities and Towns—Government—Negligence.**

Where a city has control of the planning of the tracks of a street car system upon its streets, in so acting it exercises a sound discretionary power under the principles of government, and is not liable therein for an injury caused to one by the improvident placing of a line of street car tracks nearer than was safe for the passing of motor and other vehicles upon the street. Upon this appeal from overruling the defendants' demurrer it is assumed that the city acted under a legislative power and had properly adopted a plan for placing the tracks of its codefendant upon its streets.

**2. Same—Pleadings—Demurrer.**

Where the complaint alleges damages against a city only for its failure to properly exercise a discretionary governmental power, a demurrer is good.

**3. Same—Statutes.**

The right of a city to plan the laying out and maintenance on its streets of the tracks of a street railway corporation is derived from statute or special charter.

APPEAL by the city of Greensboro from a judgment of *Schenck, J.,* given at the February Term, 1927, of GUILFORD, overruling the appellant's demurrer to the complaint. Reversed.

*A. C. Davie and Frazier & Frazier for plaintiff.*
*Robert Moseley for defendant.*

ADAMS, J. The plaintiff brought this suit against the defendants to recover damages for injury to his automobile, said to have been caused by their joint or concurrent negligence. After alleging that the public service company negligently caused one of its street cars, while operated on Tate Street, to strike his machine, and thereby to injure it, the plaintiff states as against the other defendant the following cause of action: "That the said city of Greensboro negligently and carelessly placed the

curbing for the sidewalk on the east side of Tate Street in such close proximity to the street car track of its codefendant, the North Carolina Public Service Company, Inc., as to make it impossible for vehicles to pass on the right-hand side of the said street car track, as such vehicles proceeded northwardly on said Tate Street, and negligently and carelessly permitted the said North Carolina Public Service Company, Inc., to lay its street car track in said street in such close proximity to the curbing on the east side of the said Tate Street as to make it impossible for automobiles or other vehicles proceeding northwardly along said Tate Street to pass on the right-hand side of the street cars proceeding southwardly on the said street car line, when it knew, or by the exercise of ordinary care could have known, that persons operating motor vehicles and complying with the law and ordinances by passing to the right of approaching vehicles and street cars would be placed in a position of peril, and that by so constructing the curbing and signals, and permitting the street car track to be laid in such close proximity thereto, it created a death trap that proximately and concurrently, together with the acts of negligence of its codefendant as herein alleged, caused the injury and damage of plaintiff's automobile."

To this cause of action the city filed the following demurrer: "As appears from the face of the complaint, the negligence charged against the city occurred in the discharge of its governmental or legislative functions, for negligence in the discharge of which a municipal corporation is not liable in damages."

The demurrer presents the question whether it is negligence for which a municipal corporation may be liable in damages, to build a sidewalk so near a street railway track, or to allow a street railway company to build its track so near a sidewalk as to leave insufficient space for an automobile (observing the direction to keep to the right) to pass between the sidewalk and a car on the track.

Municipal corporations derive their powers from the Legislature, and these powers are usually conferred by general statutes or by special charters. So, likewise, as to public-service corporations. As the case comes to this Court for the review of a judgment overruling the appellant's demurrer, the charter of neither defendant is before us. Under these circumstances, we shall assume for the present purpose that in laying its track the public service company was subject to the right and power of the city to direct and supervise the location of the roadbed. *Postal Co. v. Railroad,* 219 Ill. A., 304; *Scranton Co. v. Scranton,* 214 Pa., 586; *Waterloo v. Street Ry. Co.,* 32 N. W., 329; *Gas Light Co. v. Drainage Commission,* 197 U. S., 453, 49 Law Ed., 831; 28 Cyc., 851. But in view of the allegations in the complaint, we must furthermore assume that the sidewalks were built and the railway track was laid in

pursuance of a plan approved and adopted by the authorities of the city. We are not at liberty to conclude that they acted without deliberation or without due regard to the safety of the public. If they erred, at least the reasonable inference is that their error was one of judgment. It is generally held that a municipal corporation is not liable for injuries to person or property resulting from its adoption of an improper plan when the defects in such plan are due to mere error of this kind. 19 R. C. L., 1091, sec. 376. It must follow that the exercise of judgment and discretion in the adoption by the city of a general plan for the improvement of its streets, the building of its sidewalks, and the selection or approval of the space to be occupied by the track of the street railway is not subject to revision by a court or jury in a private action for damages based on the theory that the plan was not wisely or judiciously chosen; although a private action may be maintained for defective construction of the work, or failure to keep it in repair. Herein is the distinction between injuries resulting from the plan of a public improvement made in a city or town and those resulting from the mode of its execution. The adoption of the general plan involves the exercise of judgment; the duty of constructing and maintaining the work done in pursuance of the plan is ministerial. The exercise of discretionary or legislative power is a governmental function, and for injury resulting from the negligent exercise of such power a municipality is exempt from liability. *Scales v. Winston-Salem,* 189 N. C., 469; *Detroit v. Beckman,* 34 Mich., 125, 22 At., 507; *Diamond Match Co. v. New Haven,* 55 Conn., 510, 3 A. S. R., 70; *Johnston v. District of Columbia,* 118 U. S., 19, 30 Law Ed., 75.

The demurrer, we are aware, admits the allegations of complaint. *Sandlin v. Wilmington,* 185 N. C., 257. But scrutiny of these allegations discloses as the only asserted ground of negligence such proximity of the sidewalk and the railway track as does not leave sufficient intervening space for an automobile and a street car to pass each other without a collision. This allegation is directed to the breach of a judicial and not a ministerial duty; it seeks to take advantage of an alleged error resulting from an exercise of judgment; and, as we have said, such exercise of judgment is not subject to review in a private action for damages. We think the demurrer filed by the city of Greensboro should have been sustained. This conclusion, of course, does not affect the other alleged cause of action.

Judgment is

Reversed.