D. L. CROWELL, DAISY ROGERS AND HER HUSBAND, W. J. ROGERS, v. TALLASSEE POWER COMPANY.

(Filed 27 January, 1931.)

**Highways D d—Held: damages could not be recovered for slight change in highway by power company resulting in mere inconvenience to plaintiff.**

Where under the provisions of C. S., 1696, a hydro-electric power company has appropriated a section of a public highway and built another section in lieu thereof, the provisions of the statute that the company pay all damages assessed as provided by law does not entitle the plaintiff to recover damages for the slight change in the road causing inconvenience to him in hauling wood, etc., to and from his market town. *Grant v. Power Co.,* 196 N. C., 617, and *Colvin v. Power Co.,* 199 N. C., 353, cited and distinguished.

APPEAL by plaintiffs from *McElroy, J.,* at February Term, 1930, of DAVIDSON. Affirmed.

This is an action brought by plaintiffs against defendants for damages. The material allegation of plaintiffs is as follows: "That on or about 1 October, 1927, the defendant company closed up the said Cot-

ton Grove-Healing Springs road and in place thereof laid out and constructed a new road about a quarter of a mile or more to the south of the old road and to the south of plaintiff's lands, the new road being out of the way and a much longer distance from the plaintiff's lands, both to his residence and to Southmont and Lexington, so that the plaintiff is now compelled, in hauling timber or crops to Southmont and return, to travel an additional distance of about two miles further than by the former old road."

The defendant, Tallassee Power Company, denied the allegation. The evidence was to the effect that the location of the new road and discontinuance of the old road was done by the board of commissioners of Davidson County in pursuance of and by authority of law vested in them in the control and management of the public roads of the county. It was further in evidence that "The new bridge is several hundred yards below the old bridge. The new and old roads are about a quarter of a mile apart in the fartherest place. The new road is graded."

*Phillips & Bower for plaintiffs.*
*R. L. Smith & Sons and Raper & Raper for defendant.*

PER CURIAM. The defendant at the close of plaintiffs' evidence made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The court below granted the motion and in this we can see no error.

C. S., 1696, is as follows: "Every electric power or hydro-electric power corporation which may exercise the right of eminent domain under the chapter Eminent Domain, where in the development of electric or hydro-electric power it shall become necessary to use or occupy any public highway, or any part of the same, after obtaining the consent of the board of county commissioners of the county in which such public highway is situate, shall have power to appropriate said public highway for the development of electric or hyro-electric power: *Provided,* that said electric power or hydro-electric power corporation shall construct an equally good public highway, by a route to be selected by and subject to the approval and satisfaction of the board of county commissioners of the county in which said public highway is situated: *Provided further, that said company shall pay all damages to be assessed as provided by law, by the damming of water, the discontinuance of the road, and for the laying out of said new road."* (Italics ours.)

Plaintiff contends that under the above statute they have a right of action. That the case of *Grant v. Power Co.,* 196 N. C., p. 617, and *Colvin v. Power Co.,* 199 N. C., 353, are similar and controlling.

From a careful reading of plaintiff's evidence, which it is unnecessary to set forth in detail, we think the above statute is not applicable to the present action and the cases cited by plaintiffs are distinguishable from the present one.  The judgment below is

Affirmed.