CLARKSON, J., dissenting.
At the intersection of Franklin Avenue and Cedar and Pine streets in the city of Concord the said Franklin Avenue runs east and west. Pine Street intersects from the southern side thereof and Cedar Street from the opposite side. Franklin Avenue is a much used street and is paved. Cedar Street is also paved. There is a paved valley gutter on both sides of Franklin Avenue, constructed for the purpose of carrying the water off Franklin across Cedar and Pine streets. The evidence tended to show that this gutter created a depression in the pavement at the intersection of Cedar Street. The depth of the depression was variously estimated from nine to eleven inches, or as a civil engineer who was a witness in the case, said: "There was a rise of approximately one inch to the foot, that is, going out from Franklin Avenue into Cedar Street."
The plaintiff, a passenger in an automobile, was injured on 11 July, 1931. Her narrative of the injury is substantially as follows: "Just before I got hurt we were going toward Franklin Avenue. We went out Pine Street and drove up to Guy Street and backed out in Pine Street, and were going back toward Franklin Avenue. Guy Street is about 300 feet from the intersection of Pine and Franklin Avenue. . . . Mr. Allen was driving. I had no interest or control in the car. I judge we were going at the rate of fifteen or eighteen miles an hour. At this intersection there is a ditch or a gulley, a paved street. These ditches were at the intersection of Cedar Street and Franklin Avenue. It is necessary to cross these ditches. When we went across this gulley it gave me a severe jolt. I never knew what did it. It knocked me unconscious, threw me against the back of the car. . . . We crossed Franklin Avenue, then we went to Guy Street and turned around and came back the same way we had gone. We had crossed Franklin Avenue a few minutes before that and came back across it. We saw the street when we went across, but we didn't think the place was dangerous. . . . Franklin Avenue, Cedar and Pine streets are all paved. I was on the back seat. . . . We were about the center of Franklin Avenue when the car gave a jump, the ridge of the street of Franklin Avenue. This was the second time we went across Franklin Avenue. *Page 794 
. . . Just before you get to the ditch there is a raise in the street on Franklin Avenue. . . . The raise is in Cedar Street. . . ." Another witness for plaintiff said: "There is a trench on each side of Franklin, I guess a water drain, and on the side next to Cedar is almost a sudden jump, looked like 12 or 15 inches jump up, for about 8 or 10 feet. . . . The jump took place along about the side ditch between Cedar and Franklin Avenue, in my opinion. Franklin was raised up in the center like a country road. . . ." Another witness for plaintiff said: "In going out of Franklin Avenue into Cedar Street it is necessary to cross this dip or ditch. There is quite a rise into Cedar Street about 15 or 18 inches deep, quite a sudden rise until you come out of the ditch, and it goes off gradually. . . . I didn't say it was a gulley. There is a kind of a ditch there, so the water will continue to run on down Franklin Avenue instead of out into Cedar Street. . . . All three of the streets are paved. There is no hole. It is what you call a dip to let the water run down from Franklin Avenue."
The evidence for the defendant tended to show that the city of Concord employed Reece I. Long, who was placed in charge of the construction of the streets, and the court further found that such engineer was an expert in civil engineering and road construction work. He testified in effect that in order to care for the drainage at the intersection of Franklin Avenue and Cedar Street, it was necessary to construct a valley at the intersection of Cedar because of the natural drainage and the configuration of earth at that point.
Issues of negligence and damages were submitted to the jury and answered in favor of plaintiff. There was an award of $2,500 in damages, and from judgment upon the verdict the defendant appealed.
What duty does the law impose upon municipalities in the construction of paved streets?
The evidence discloses that a side street, known as Cedar Street, intersects a thoroughfare in the city of Concord, known as Franklin Avenue. Several years prior to the injury to the plaintiff the defendant city had undertaken to pave these streets. It employed, so far as the evidence discloses, a competent engineer, who was found by the court to be an expert in street and road construction work. In order to properly drain Franklin Avenue at the intersection of Cedar Street it was necessary to provide for the drainage. The engineer in charge of the work was of the opinion that it was advisable to construct a valley in the pavement at the intersection of Cedar Street for the reason that *Page 795 
traffic would be necessarily slowed down in traversing a side street and entering into a thoroughfare. There was no evidence of any defect in the pavement, and while witnesses refer to the drainage valley as a ditch or gulley, they always explain that what they refer to as a ditch or a gulley was a depression or dip in the pavement. It is manifest from an examination of the evidence that any fault in the pavement at the intersection arose out of the original plan of construction and drainage of the area, because all the testimony is to the effect that no change had been made in the streets since the original construction thereof.
Thus it is apparent that the principle of law announced in Martin v.Greensboro, 193 N.C. 573, 137 S.E. 666, is applicable to the facts disclosed by the record. This principle was stated as follows: "But in view of the allegations in the complaint, we must furthermore assume that the sidewalks were built and the railway track was laid in pursuance of a plan approved and adopted by the authorities of the city. We are not at liberty to conclude that they acted without deliberation or without due regard to the safety of the public. If they erred, at least the reasonable inference is that their error was one of judgment. It is generally held that a municipal corporation is not liable for injuries to person or property resulting from its adoption of an improper plan when the defects in such plan are due to mere error of this kind. It must follow that the exercise of judgment and discretion in the adoption by the city of a general plan for the improvement of its streets, the building of its sidewalks, and the selection or approval of the space to be occupied by the track of the street railway is not subject to revision by a court or jury in a private action for damages based on the theory that the plan was not wisely or judiciously chosen; although a private action may be maintained for defective construction of the work, or failure to keep it in repair. Herein is the distinction between injuries resulting from the plan of a public improvement made in a city or town and those resulting from the mode of its execution. The adoption of the general plan involves the exercise of judgment; the duty of constructing and maintaining the work done in pursuance of the plan is ministerial. The exercise of discretionary or legislative power is a governmental function, and for injury resulting from the negligent exercise of such power a municipality is exempt from liability."
There are many cases in the books permitting the recovery of damages for negligent construction of streets and for lack of ordinary care in the maintenance thereof, but such cases do not control the decision of the case at bar. The injury in this case results from the plan adopted or the exercise of the judgment of the governing authorities and not from negligence in the execution of the plan in the construction and *Page 796 
maintenance of the streets. Therefore, the motion for nonsuit should have been allowed. Rollins v. Winston-Salem, 176 N.C. 411, 97 S.E. 211.
Reversed.