CONNOR, J., dissents.
CLARKSON, J., dissenting.
This is an action instituted by the plaintiff for the recovery of damages for personal injuries sustained by her as a result of being thrown from the seat of an automobile in which she was riding as a guest along North Person Street in the city of Raleigh. At the intersection of North Person Street and East Jones Street plaintiff was thrown from the rear seat of an automobile when it struck a valley gutter constructed at said intersection. As a result thereof she sustained serious injury.
When North Person Street was paved said valley gutter was constructed across said street at the intersection of Jones to provide for surface water. Later, by reason of the heavy traffic, the asphalt surfacing was removed and replaced with concrete. At that time the depth of the valley was decreased so that there was at the time of the accident a dip of six or seven inches in the valley.
After the jury had returned a verdict in favor of the plaintiff the trial judge set the same aside as a matter of law on authority ofBlackwelder v. Concord, 205 N.C. 792, and rendered judgment in favor of the defendant. The plaintiff excepted and appealed.
There is no allegation that the valley gutter constructed on North Person Street at the point where said street intersects Jones was negligently constructed or that it was in a state of bad repair. The substance of the plaintiff's allegation of negligence is to the effect that the existence of a valley gutter of this type upon a public street makes the street dangerous for traffic and creates hazards to the public, and that it is negligence on the part of the city and a failure to exercise reasonable care to permit such condition to exist and continue.
While the construction and maintenance of public roads and streets is a governmental function the courts have almost universally permitted recovery against a city or town where injury results from negligence in the construction of a street or from negligent failure to maintain the *Page 551 
street in a reasonably safe condition. Where, however, the condition complained of is one which forms a part of the plan of construction of the street, determined upon and adopted by the city or town, it is held by this and other courts that no recovery may be had. The distinction is this: The adoption of plans for the construction of streets requires the exercise ofquasi- judicial and discretionary powers; whereas the actual construction and maintenance of the street is ministerial.
A municipality, in determining the character or plan of construction of streets, sidewalks and other public ways, acts in a legislative, quasi-
judicial and discretionary capacity. Therefore, it is not ordinarily liable for injuries resulting from danger or defects inherent in the plan of construction adopted or due solely to a mistake of judgment in adopting the plan. The rule is not limited to cases where the plan adopted was determined in advance, but applies equally where it was ratified and adopted by the municipality after the actual work of construction. 43 C. J., 1015; L.R.A., 1918-D, 1103; 37 L.R.A., N.S., 1150; 43 A. R., 655.
In Blackwelder v. Concord, 205 N.C. 792, Brogden, J., quotes fromMartin v. Greensboro, 193 N.C. 573, with approval, as follows: "But in view of the allegations in the complaint, we must furthermore assume that the sidewalks were built and the railway track was laid in pursuance of a plan approved and adopted by the authorities of the city. We are not at liberty to conclude that they acted without deliberation or without due regard to the safety of the public. If they erred, at least the reasonable inference is that their error was one of judgment. It is generally held that a municipal corporation is not liable for injuries to person or property resulting from its adoption of an improper plan when the defects in such plan are due to mere error of this kind. It must follow that the exercise of judgment and discretion in the adoption by the city of a general plan for the improvement of its streets, the building of its sidewalks, and the selection or approval of the space to be occupied by the track of the street railway is not subject to revision by a court or jury in a private action for damages based on the theory that the plan was not wisely or judiciously chosen; although a private action may be maintained for defective construction of the work or failure to keep it in repair. Herein the distinction between injuries resulting from the plan of a public improvement made in a city or town and those resulting from the mode of its execution. The adoption of the general plan involves the exercise of judgment; the duty of constructing and maintaining the work done in pursuance of the plan is ministerial. The exercise of discretionary or legislative power is a governmental function, and for injury resulting from the negligent exercise of such power a municipality is exempt from liability." 90 A.L.R., 1495. *Page 552 
McQuillan on Municipal Corporations, 2nd ed., sec. 2799, states the rule as follows:
"As a branch of the rule of nonliability of municipalities for torts in connection with the exercise of governmental functions, is the rule which distinguishes (1) ministerial duties from (2) legislative, judicial, and discretionary functions. Where the duty is not governmental, but ministerial and absolute, as distinguished from legislative, discretionary, judicial or quasi- judicial, the municipal corporation is liable for damages arising because of omission to perform it, or for negligence in its execution. . . .
"However, the line between ministerial and legislative or judicial duties is sometimes difficult to draw. The distinction would seem necessarily to rest upon a discretion had by the city to discharge or not to discharge the duty because, where the duty is absolute and imperative and the city has no discretion, the duty is ministerial, its discharge not depending on the exercise of judgment, but being required by law. It is by force of this reason for the distinction between ministerial and judicial duties that a duty which is judicial before the municipality has entered upon the performance of it, frequently becomes, when its performance is entered upon, ministerial. The municipality has a discretion to do or not to do the work; the duty is, therefore, judicial up to the time that it is determined to do the work; but when the work is ordered the law often requires that it be done in a particular manner, or that it be not done in a certain way, and, therefore, after the work is ordered, the duty of the municipality to do the work in the manner required and not to do it in the way forbidden, is ministerial. The municipality as to these two things has no discretion; as to them its judgment is superseded, controlled and directed by the requirements of the law, and its duty is to comply with these requirements. . . .
"Official action is judicial where it is the result of judgment or discretion. It is ministerial when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion . . . (not so in this case).
"When the municipal council acts in its legislative capacity for governmental purposes the municipality is no more liable than the State would be for similar action taken by the Legislature. Likewise, a municipality is not liable for a failure to exercise powers entrusted to the judgment and discretion of its proper authorities, or for errors committed in their exercise. Dargan v. Mobile, 31 Ala. 469, 133 Am. Dec., 505; Judd v. Hartford, 72 Conn. 350, 44 A. 510; Vaughtman v.Waterloo,14 Ind. App. 649, 43 N.E. 476; Stackhouse v. Lafayette, *Page 553 26 Ind. 17, 89 Am. Dec., 450; Brinkmeyer v. Evansville, 29 Ind. 187;Kelley v. Portland, 100 Me. 260, 61 A. 180; Claussen v. Luverne,103 Minn. 491, 115 N.W. 643, 15 L.R.A. (N.S.), 698; Carroll v. St. Louis,4 Mo. App. 191; Rosenbaum v. New Bern, 118 N.C. 83, 24 S.E. 1, 32 L.R.A., 123; Hill v. Charlotte, 72 N.C. 55, 21 Am. Rep., 451; Richmond v.Virginia Bonded W. H. Corp. (Va.), 138 S.E. 503, 506, citing the text."
When North Person Street and other streets in that vicinity were paved it was a proper governmental function of the city of Raleigh to make provision to take care of the surface water. The commissioners determined that catch basins and a storm sewer were too expensive and decided to use the only other engineering practice for such purpose, which was the use of valley gutters.
When the street was constructed the top surfacing of the valley gutters, as well as of the street, was of asphalt composition. A change of the surfacing to concrete so as to better care for the increasing traffic upon this street was not a departure from the original plan, such as would impose liability upon the city.
It might be well to note that while the statute prescribing rules and regulations for the operation of motor vehicles provides for certain maximum limits of speed, the controlling rule is that a motorist must at all times operate his motor vehicle with due regard to the width, traffic and condition of the highway. It is to be doubted that there is any danger existing to traffic by reason of the construction of these valley gutters so long as motorists operate their vehicles across the same with due regard to the condition existing. It is difficult to make any road or street free of hazard. The court below correctly held that this action is controlled by the principles enunciated in Blackwelder v. Concord, supra. The judgment below is
Affirmed.
CONNOR, J., dissents.