14681

JORDAN v. STATE HIGHWAY DEPARTMENT

(198 S. E., 174)

84

Messrs. *E. S. C. Baker* and *G. Lloyd Ford,* for appellant,

Messrs. *John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* and *Wright & Burroughs,* for respondent,

May 9, 1938.

*Per curiam.*

This action was brought against the State Highway Department for the death of Joseph Ernest Proctor, the appellant's intestate, on the night of December 23, 1935, alleged to have been caused when the automobile in which he was riding skidded on the Lumber River Bridge, which transverses a portion of Horry County and a portion of Marion County, spanning Lumber River between the two

counties, on State Highway No. 9, the automobile breaking through the railing, falling into the river, whereupon appellant's intestate was drowned. The summons and complaint were served on the respondent on September 30, 1936, the complaint alleging defective construction, repair and maintenance of the highway and bridge of the respondent.

On the 19th of October, 1936, the respondent moved to strike from the complaint Subsections (a), (b), (c), (d), (f), and (h) of paragraph five upon the grounds that they are irrelevant and redundant, which subsections are set forth in the first order of Judge Dennis, which is hereinafter reported.

The motion was heard before Judge Dennis at Georgetown, S. C., on October 19, 1936, resulting in his order of April 1, 1937, filed and served on appellant's counsel on July 12, 1937, which order, formal parts omitted, is herewith reported:

"This matter was heard by me at Georgetown, S. C., on October 19, 1936, on motion of attorney for the defendant to strike out certain allegations of plaintiff's complaint. When the motion was argued, I stated to Messrs. E. S. C. Baker and G. Lloyd Ford, plaintiff's attorneys, that unless they could show decisions to the contrary, I would be compelled to grant the motion under authority of the case of *McDonald v. State Highway Department,* 166 S. C., 415, 164 S. E., 920. Plaintiff's counsel then asked that I reserve my decision and allow them an extension of time in which to file a brief, and it was agreed that counsel for plaintiff would file their brief with me at Florence during the November term of the Court of Common Pleas which was to commence on November 9th, and over which I was to preside, and it was further agreed that a copy of the brief should be served on J. Ivey Humphrey, assistant attorney general, attorney for the defendant. Thereafter, I presided over the Court of Common Pleas in Florence which began on November 9th as scheduled and ran for a term of

two weeks, but plaintiff's counsel failing to file their brief with me, the matter passed out of my mind for the time being.

"The action is brought against the State Highway Department for the death of plaintiff's intestate on the night of December 23, 1935, alleged to have been caused when the automobile in which he was riding skidded on the Lumber River Bridge on State Highway No. 9, breaking through the railing, falling into the river, whereupon plaintiff's intestate was drowned.

"The specifications of negligence set out in the complaint, which defendant moved to strike out, are as follows:

" '(a) In placing a bridge constructed of wood and other easily decayed structure between two adjacent curves on said highway.

" '(b) In making a sharp curve in said highway beginning immediately at the southern or Horry County end of said bridge, and in permitting the curve to so remain without correcting the same.

" '(c) In making the curvature of the south or Horry County approach to said bridge so great that the lights of the headlights of northbound motor vehicles were prevented from reaching or falling upon the said bridge so as to distinguish the same until within a few feet from the southern end of said bridge, a distance entirely insufficient to insure reasonable safety in the circumstances.

" '(d) In providing and constructing banisters or railings to the sides of said bridge of defective design, structure and material and of totalling insufficient strength and durability.

" '(f) In building the said highway and surfacing of the bridge of said place of faulty, defective and improper structure and material, so that the surface of the said bridge became and was at said time slippery and dangerous to the traveling public.

" '(h) In building and repairing the said highway of faulty and defective and improperly treated structure and material and of totally insufficient strength and durability.'

"It is the rule that highway authorities are not chargeable with defects in the plan of construction of a highway, or of the materials used, these being matters left to their discretion. When a defective plan or material is adopted, it is considered an error of judgment, for which an action will not lie should one be injured by reason thereof. *McDonald v. State Highway Department, supra.* This rule is followed by the Courts in other states—*Martin v. City of Greensboro et al.,* 193 N. C., 573, 137 S. E., 666; *Blackwelder v. City of Concord,* 205 N. C., 792, 172 S. E., 392, 90 A. L. R., 1502.

"The objectionable allegations of the complaint in this case go clearly to the plan of construction and the materials used in the highway, matters entirely within the discretion of the State Highway Department, it is, therefore, ordered that the motion be granted.

"It is further ordered that plaintiff be required to amend his complaint accordingly and serve a copy of the amended complaint upon the defendant's attorney, who shall have twenty days from service thereof to file answer."

From the foregoing order, notice of appeal was served, but the appeal was never perfected, and no question of error in this order is before the Court.

On July 8, 1937, the appellant served an amended complaint which repeated all of the allegations of the original complaint, including those ordered stricken by Judge Dennis, and in addition, certain allegations not contained in the original complaint. This amended complaint was served as of course.

Thereupon, on July 23, 1937, the respondent served notice of motion to set aside the service of the amended complaint, upon the ground that the time for amendment as of course had expired prior to the attempted service and that the service of the amended complaint was not made pursuant to an order of Court. The moving papers provided that in failing in the foregoing motion the respondent would move for an order striking from the amended complaint certain al-

legations declared to be the same and similar to the allegations previously declared irrelevant and redundant in the order of Judge Dennis, dated April 1, 1937, *supra,* also striking allegations contained in the amended complaint not in accordance with the order of Judge Dennis permitting the amendment, and for the further reason that the allegations "constitute new specifications of negligence set up for the first time in an amended complaint dated May 26th, 1937, and served July 8th, 1937, which amended complaint shows that the injury complained of occurred on December 23, 1935, in contravention of the statute limiting the time within which actions may be brought against the State Highway Department."

On August 12, 1937, a supplemental notice was served by the respondent that the Court would be asked to strike from the amended complaint additional allegations upon the grounds of irrelevancy and redundancy, and upon the further ground that it is attempted in said allegations to set out a new cause of action, the time for alleging same having expired.

Judge Dennis by his order dated October 16, 1937, served on appellant's counsel on October 25, 1937, dismissed the service of the amended complaint, the pertinent portion of Judge Dennis' order we quote:

"The first motion is to set aside the service of an amended complaint which was dated May 26, 1937, and served July 8, 1937. In order properly to understand the point involved, it is advisable to review the history of the litigation.

"The original complaint was dated September 23, 1936, and served October 5, 1936. On October 14, 1936, the defendant served notice of a motion before me to strike certain allegations of the complaint, they being specifications of negligence. This motion was heard by me at Georgetown on October 19, 1936. At the conclusion of the argument I stated that I felt compelled to grant the motion under authority of *McDonald v. State Highway Department,* 166 S. C., 415, 164 S. E., 920. Plaintiff's counsel asked that I reserve decision to allow them to file a brief, which request I granted,

though counsel did not avail themselves of the opportunity to file brief.

"Under date of April 1, 1937, I signed an order granting the motion to strike allegations from the · complaint, which order was filed and served on July 12, 1937. The order, after stating the matter which should be stricken, provided 'that plaintiff be required to amend his complaint accordingly and serve a copy of the amended complaint upon the defendant's attorney, who shall have twenty days from service thereof to file answer.'

"However, four days before the filing and service of my order, and while the matter was still under advisement by me the plaintiff on July 8, 1937, served an amended complaint, which was dated May 26, 1937. The defendant moves to set aside the service of such amended complaint upon the ground that the time for amendment as of course had expired prior to the attempted service, and such service was not made pursuant to the order of Court. The plaintiff takes the position that under the terms of Section 493 he could serve an amended complaint until the time for answering had expired, and that such time had not expired.

"I do not think that plaintiff's position can be sustained. Up until the hearing of the motion before me on October 19, to strike certain allegations of the complaint, the plaintiff could, no doubt, have amended. When he appeared to contest that motion, his subsequent rights as to the pleadings were governed by such order as might be made pursuant to the motion, and he could thereafter amend only upon motion and by leave of the Court. *First Carolinas Joint Stock Land Bank of Columbia v. Stuckey*, 170 S. C., 86, 169 S. E., 843; *McEachern v. Wilson et al.*, 154 S. C., 201, 151 S. E., 472, 477, and *Coral Gables, Inc., v. Palmetto Brick Co.*, 183 S. C., 478, 191 S. E., 337, decided May 10, 1937. The motion to set aside the service of the amended complaint is, therefore, granted."

Judge Dennis then considered the second motion relative to striking out certain allegations of the amended complaint,

which relief was granted with the exception of two specifications, the defendant conceding that these should remain in the amended complaint. The portions of Judge Dennis' order striking the allegations, omitting that part setting forth the allegations to be stricken, are as follows:

"In the event that I should be in error in granting the motion and I intend neither to express nor to imply any doubt thereabout, I will pass upon the second motion made by the defendant which relates to striking out certain allegations of the amended complaint. If an appeal from this order should be taken, the Supreme Court may at one time pass upon my ruling on both of the motions."

"The former order which I passed in this case relating to the original complaint is conclusive on the question of setting out most of the language which I have in this order directed should be stricken. My former order allowed the plaintiff to amend in accordance with its terms.

"As to new matter set up in the amended complaint, see *Ouzts v. State Highway Department*, 161 S. C., 21, 159 S. E., 457, and *Coral Gables, Inc., v. Palmetto Brick Co., supra*.

"In the event that the Supreme Court should hold that I am in error in so much of this order as sets aside the service of the amended complaint, then the plaintiff, within ten days after the sending down of the remittitur, shall be permitted to serve an amended complaint in accordance with the terms of this order, and the defendant shall be granted twenty days from the date of such service within which to plead thereto."

On November 24, 1937, the appellant served the respondent with notice of two motions, the first, for an order extending the time for the perfection of appeal from the two orders of Judge Dennis dated April 1, 1937, and October 16, 1937, respectively; the second, for an order permitting the plaintiff to amend his complaint and to serve the amended complaint in accordance with a copy of the proposed amended complaint attached to the notice.

Judge Dennis disposed of the two motions by his order of December 17, 1937, in which he reviewed the history of the proceedings, refused the motion for amending of the complaint as sought to be amended, and the service thereof, and refused to extend the time for perfecting an appeal from the order dated April 1, 1937, for the reason that the motion was not made before the time for serving proposed case with exceptions expired, citing *Wade v. Gore,* 154 S. C., 262, 151 S. E., 470, but granted an extension of time for the perfection of an appeal from the order dated October 16, 1937. Of course, the time having expired in which to perfect the appeal from the April 1st order, the Circuit Judge was then without power to grant an extension of time.

The plaintiff, the appellant, bases his appeal upon thirteen exceptions, the first six exceptions charging error in deleting from the complaint those allegations as set forth in Judge Dennis' order of April 1, 1937, as herein quoted. From this order the appellant served his notice of intention to appeal, but the appeal was not perfected, and in the statement contained in the transcript of record it appears that "no steps were taken to perfect the appeal, and no question of alleged error in that order (the order of April 1, 1937) is involved in this appeal." The issues raised by these exceptions have been determined adversely to the appellant by the order of April 1, 1937, which order became the "law of the case" upon the expiration of time within which to perfect the appeal, the appellant failing to perfect the appeal. The appellant contends these exceptions are properly before the Court for the reason that the appeal from April 1st order has not been dismissed, and is pending. An appeal that cannot be perfected cannot be said to be pending. The appellant, after the expiration of the time within which to perfect the appeal, moved before Judge Dennis for an extension of time within which to complete the appeal, which motion, having been made too late, was properly refused. The appellant's motion and the refusal thereof, in which

refusal the lower Court's action was mandatory and not discretionary, was tantamount and of the same effect as a dismissal. These exceptions are therefore overruled.

Appellant's Exceptions 7, 8 and 13 raise the question whether Judge Dennis erred in dismissing the service of the amended complaint, bearing date July 8, 1937, which was served as of course. Section 493, Code of Laws, 1932, permits the service of an amended complaint as of course subject to restrictions, the pertinent portion of the section being as follows:

"Any pleading may be once amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time within twenty days after it is served, or at any time before the period for answering it expires   *   *   *."

The position of appellant is that the amended complaint was served before the period for answering the complaint had expired, and therefore within time for the service of an amended complaint as of course. The facts of this case do not permit the construction placed thereon by the appellant. The quoted portion of the section upon which appellant relies applies only to a voluntary amendment, and appellant could have amended as of course at any time up to October 19, 1936. On October 19, 1936, plaintiff's freedom to amend ceased, for on this date the attorneys for both parties appeared before Judge Dennis upon respondent's motion to strike. Although no formal order was issued on this date, the appellant was specifically informed by Judge Dennis that he would have to grant the motion but upon appellant's counsel's request, Judge Dennis reserved his decision to give said counsel an extension of time within which to file a brief, the expiration date being determined. After the expiration of the period within which to file the brief the appellant then attempted to serve an amended complaint, carrying forward, in addition to the new allegations, those allegations that were stricken from the original complaint. Appellant's right as to amendment

of course then ended on October 19, 1936, and from this date the appellant could only amend in conformity with the order of Court. A litigant cannot participate in a hearing, and upon realizing that the decision of the Court will be adverse to his cause or interest, request the Court to withhold its decision and proceed as if no hearing had been held. Any procedure thereafter must be in conformity with the order of the Court.

From *Long v. Hunter,* 48 S. C., 179, 26 S. E., 228, we quote the following salutary principle, which is controlling of the instant issue (page 229) :

"When the order specifies in what particulars the complaint is to be amended, and there is a failure to comply with the order, the complaint may be struck out on motion."

The informality of the order of Judge Dennis at the time of the attempted service of the amended complaint as of course did not defeat the effect of a formal order for the terms of the informal order were well known to appellant's counsel and only lacked concrete form because of the action of appellant's counsel.

The appellant goes further and contends that Judge Dennis, in view of the appeal from the order of April 1, did not have the power to dismiss the service; that the appeal operated as a supersedeas. No merit lies in this exception, for this point, if meritorious, was not raised at the proper time. The transcript of record and Judge Dennis' order of dismissal, dated October 16, 1937, contains no record of any objection, as embodied in this exception, raised at the hearing of the notice to dismiss. The failure to assert at the proper time a legal right constitutes a waiver or abandonment of the same. The validity of the order of October 16th, in so far as jurisdictional purposes are concerned, is clearly admitted by the affirmative act of the appellant in serving notice on November 24, 1937, of appellant's intention to apply for an order permitting the service of an amended complaint.

It is provided in Subsection (3), Section 781, Code of Laws, 1932, that "Whenever the appellant shall fail to perfect his appeal, his failure to do so shall amount to a waiver thereof * * * ." An appeal pending without perfection in the designated time, and without an extension of time, cannot operate as a supersedeas so as to prevent the Court from taking further action therein.

The lower Court is charged with further error in refusing the motion of appellant to file and serve an amended complaint, specific error being that the order of April 1, 1937, contained no limitation of time within which appellant was allowed to amend his complaint, and that the Court had discretionary power to allow pleadings in conformity with equity and justice. In connection therewith the appellant relies upon Section 494, Code of Laws, 1932, which Section (then 194) is quoted and clearly construed in the case of *Knight, Yancey & Co. v. Aetna Cotton Mills*, 80 S. C., 213, 61 S. E., 396. In that case the Court stated (page 397) :

"We do not think the appellant's contention can be sustained. If this were so, no pleading demurrable for insufficiency could ever be amended. The power of amendment by the Code in the furtherance of justice is so very large that its exercise by the Court will rarely be disturbed, because it will seldom happen that the Court will exceed its power or abuse the wide discretion given it in such matters. This power is, however, not unlimited, and it is a mistake to suppose that any and everything that may be proposed by way of amendment is allowable, provided it is proposed before trial.

"The power granted the parties to make voluntary amendments as matter of course is regulated by Section 193 of the Code of Civil Procedure, which permits any pleading to be once amended before the period for answering expires, or, if not done for purpose of delay, within 20 days after service of an answer or demurrer

"When, however, the question is one of discretion, whether the admitted power should be exercised, then the Court may well consider the timeliness of the motion * * * ."

Ordinarily the question would be one of discretion, casting upon appellant the burden of showing an abuse of discretion as exercised by Judge Dennis in refusing this particular motion. As stated in *Knight, Yancey & Co. v. Aetna Cotton Mills, supra,* "the Court may well consider the timeliness of the motion," as was done by Judge Dennis. Although the order of April 1 does not contain any written provision as to a time limit within which to file an amended complaint, it cannot be said that the time was unlimited for it is provided in South Carolina Circuit Court Rule 62, that a party whose duty it shall be to comply with an order shall have twenty days for that purpose unless otherwise directed. Somewhat similar is the case of *Brown v. Easterling,* 59 S. C., 472; 38 S. E., 118, in which case a demurrer was sustained to a complaint, the order providing that the plaintiff serve her amended complaint upon the defendant within twenty days. The plaintiff failed to serve the complaint within twenty days, but two months afterwards gave notice of a motion based upon certain affidavits of counsel to be permitted to serve an amended complaint, the affidavits setting forth that counsel had not observed the time was limited by the order for serving the amended complaint. The lower Court granted the motion but the case was reversed by this Court, a portion of the opinion herewith quoted:

" * * * Indeed, the only one of the terms of the order signed by Judge Townsend, of which counsel claimed to have been ignorant, was that requiring the amended complaint to be served within twenty days from the date of the order; and even if that provision had not been inserted in the order, the plaintiff would nevertheless have been required to serve her amended complaint within twenty days. Rule 63 of the Circuit Court reads as follows: 'In all cases

where a motion shall be granted on payment of costs, or on the performance of any condition, or where the order shall require such payment or performance, the party whose duty it shall be to comply therewith shall have twenty days for that purpose, unless otherwise directed in the order, &c.'—the balance of the rule not being pertinent to the present inquiry. So that even if counsel did not hear the order read, or did not see it after it was signed, the law assumes that they knew that the amended complaint should be filed in twenty days. * * * "

The attorneys in the cited case did not proceed under Section 194 (now 494) of the Code but under Section 195 (now 495). However, the principle enunciated therein is applicable to the instant issue. Here the appellant did not serve his notice to be permitted to amend until approximately four and one-half months after the order of April 1 was served. The appellant could not forestall the order of April 1, by serving an amended complaint a few days before the service of the order. At the time of the attempted service of the amended complaint, dated July 8, 1937, the appellant was cognizant of the terms of the order served July 12, 1937, for he had failed to do that which he had requested to be permitted to do, *i. e.,* to file a brief. After the service of the order on July 12, the appellant then had twenty days within which to amend his complaint, which was not done, nor was any extension of time applied for within which to file an amended complaint, although an extension of time was applied for to perfect the appeal, the same being refused. The appellant elected to stand upon the attempted service of the amended complaint of July 8, 1937. When this service was dismissed by the order of October 16, 1937, there was then no pleading before the Court except the original complaint as deleted, and there has been no motion to dismiss this complaint by reason of the failure of appellant to rewrite and serve the complaint, and hence no order dismissing it.

The appellant and respondent were unable to agree in the settlement of the case for appeal and in consequence thereof Judge Dennis was required to settle the case. The order of settlement is excepted to by the appellant and the appellant prints in the transcript of record an appendix containing his proposed statement of facts, which differs materially from the case as settled by order of the Court. The action of the lower Court in settling a case for appeal as to facts when there is disagreement, is binding upon this Court.

All of appellant's exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER, and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.