This action was brought by A. F. Sanders, administrator of the estate of Lula J. Sanders, in that capacity and in his individual right, and by the heirs at law, to recover damages for injury to property consequent upon the closing of a grade crossing at the intersection of a street in the town of Smithfield with the Atlantic Coast Line Railroad, during the life of the decedent. Before the elimination of the grade crossing, the street was continuous, that portion east of the railroad being known as Massey Street and that on the west side known as Johnson Street. The Sanders lot abuts on Massey Street in the vicinity of the intersection. The plaintiffs' evidence tends to show that an unpaved cross street, maintained by the municipality, and sufficient to accommodate general traffic, parallels the railroad at this point, intersecting Massey Street between that property and the railroad right of way. It affords access to the underpass a few blocks away and gives passage into and out of Massey Street beyond plaintiffs' lot, to which it is adjacent.
The grade crossing referred to was considered dangerous; the underpass was built in lieu thereof, and the crossing closed by the municipality pursuant to an agreement with the State Highway Commission and the Atlantic Coast Line Railroad Company.
There is a dwelling on the lot and a store building in which a mercantile business has been carried on and was being conducted at the time the grade crossing was closed.
The evidence tends to show that the property has diminished in value since the crossing was closed, and that trade in the store has been much reduced.
The defendant in its answer made the plea that all matters in controversy had been adjudicated in a former action, but introduced no evidence. Objection is further made that the plaintiffs have no right to maintain the present action, since the provisions of the city charter afford an exclusive remedy by arbitration, and appeal to the Superior Court. It is further contended that there is no taking of property in the legal sense for which compensation should be allowed. *Page 168 
On the conclusion of the plaintiffs' evidence, the defendant moved for judgment as of nonsuit, which was allowed, the defendant offering no evidence.
Plaintiffs appealed, assigning error.
The controversy in this case is identical in factual situation with that presented in Sanders v. R. R., 216 N.C. 312, 4 S.E.2d 902, in which the present defendant, the town of Smithfield, was a party; but there is a substantial difference in the parties and the kind of action now brought. In the former case the plaintiffs sought recovery against the railroad company and the city for the commission of a tort in obstructing the street upon which plaintiffs' property abuts, and thereby creating and maintaining a nuisance, to the detriment of the plaintiffs' easement in the street and consequent injury to the property. The case was viewed as an action sounding only in tort, predicated upon an ultra vires act of the municipality, and a demurrer to the complaint was sustained upon the ground best expressed by quoting from that case at p. 315:
"There is statutory authority for its action both under its charter provisions, ch. 424, Private Laws 1907, sec. 34; ch. 219, Private Laws 1911, sec. 25, and in the Public Law; C. S., 2787, subsec. 11. It has power `to . . . close any street or alley that is now or may hereafter be opened . . . as it may deem best for the public welfare of the citizens of the city.' There is no allegation in the complaint that the town authorities in exercising this power acted arbitrarily or capriciously or that there was any abuse of discretion in the adoption of the resolution closing Massey Street. In so doing, the town was exercising a discretionary and legislative power as a governmental agency. In such cases the court can interfere only in instances of fraud or oppression constituting a manifest abuse of discretion. Tate v. Greensboro, 114 N.C. 410; Hoyle v. Hickory,164 N.C. 79." The opinion concludes: "A governmental agency may take or appropriate private property for the public use. This power carries the corresponding duty to pay just compensation for the property taken. Whether the action of the town in surrendering its easement in the land of the defendant railroad company at the Massey Street crossing and in closing the street at the point constitutes a `taking' of an interest in the property of plaintiffs, for which it must compensate the plaintiffs, is not here presented or discussed."
The defendant did not follow up its plea of res judicata by offering evidence; and indeed it would not have availed, since a different cause of *Page 169 
action is now presented. The plaintiffs now sue the city to recover compensation for the taking of their property by vacating or closing the street and interfering with an appurtenant easement of access, ingress and egress.
The defendant has raised no objection to the joinder of parties or the capacity in which they sue. Properly speaking, since the taking complained of took place, if at all, during the lifetime of Lula Sanders, compensation, if allowed, should go to the administrator. 18 Am. Jur., Eminent Domain, sec. 237. Her heirs at law are not presently concerned, but this is immaterial, in view of the disposition of the case.
(1) The defendant raises the question whether plaintiffs have a right to maintain their present action against the city for compensation for the taking of their property, contending that the remedy provided in the charter of the town, ch. 424, Private Laws 1907, sec. 34, is exclusive. This section requires that the question of compensation for property taken in connection with street improvement shall be referred to arbitrators, providing for their selection and for an appeal to the Superior Court in case either party is not satisfied with the award.
We are inclined to the view that it was the intention of the statute to provide an exclusive remedy, applicable to plaintiffs' cause of action, if any they have; but we prefer to rest decision on grounds which go to the merits of the controversy, ut sit finis litis.
(2) The defendant insists that no person can have, as a mere incident to the use of his property, a private proprietary right in the maintenance by the municipality of a condition admittedly involving serious danger to the public; and contends that the elimination of the grade crossing having been made, both ostensibly and in fact, under the necessary exercise of the city's police power, the consequent detriment to the plaintiffs' property is damnum absque injuria, citing Martin v. Greensboro, 193 N.C. 573,137 S.E. 666; Blackwelder v. Concord, 205 N.C. 792, 172 S.E. 392;Klingenberg v. Raleigh, 212 N.C. 549, 194 S.E. 297; Mosteller v. R. R.,220 N.C. 275, 17 S.E.2d 133. Counsel interprets Sanders v. R. R.,supra, as decisive on this point.
In Mosteller v. R. R., supra, the plaintiffs sought an injunction upon the ground that the closing of an underpass near their abutting property was an ultra vires act on the part of the Highway Commission, and the pertinent observation of the Court in that case was addressed to the existence of the challenged power, and not to the question of compensation. Here no question is raised as to the power of the municipality to close the grade crossing, since it has it under the general law and by virtue of its charter, ch. 424, Private Laws 1907, supra.
True, it is generally recognized that a municipality is not liable for damages, when acting in good faith, in its governmental capacity, and in *Page 170 
the exercise of its police power. The elimination of a dangerous grade crossing on this principle may be near the categories, established in the course of decision, as to which it is held that rights pertaining to the use of property are not within the constitutional inhibition against taking without compensation, when it is done in good faith, in the necessary exercise of the police power. McQuillin, Municipal Corporations, 2d Ed., Vol. 4, § 1590 (1470). In this connection see Chicago, B. Q. R. Co.v. People ex rel. Grimwood, 200 U.S. 561, 26 S.Ct., 341, 50 L.Ed., 596;Armour Co. v. N. Y., N. H. H. Ry., 41 R. I., 361, 103 A. 1031. In view of the conclusion we have reached, it is unnecessary in this case, however, to extend the doctrine so far, or to pass upon the significance of the cases cited by the defendant in that regard.
(3) It is generally held that the owner of abutting property has a right in the street beyond that which is enjoyed by the general public, or by himself as a member of the public, and different in kind, since egress from and ingress to his own property is a necessity peculiar to himself. Colvinv. Power Co., 199 N.C. 353, 154 S.E. 678; Hiatt v. Greensboro,201 N.C. 515, 522, 160 S.E. 748; Davis v. Alexander, 202 N.C. 130,162 S.E. 372; Glenn v. Board of Education, 210 N.C. 525, 187 S.E. 781;Henderson v. Lexington, 132 Ky. 390, 111 S.W. 318; 29 C. J. S., 910, sec. 105. The right is in the nature of an easement appurtenant to the property, and abridgment or destruction thereof by vacating or closing the street, resulting in depreciation of the value of the abutting property, may give rise to special damages compensable at law. Brakken v. Mpls. St.L. Ry., 29 Minn. 41, 11 N.W. 124; also cases cited supra.
Beyond acceptance of this fundamental principle, authorities differ as to practically every other phase of the subject under discussion. However, following the line of authorities considered commendable and controlling, it is settled law in this State that under such circumstances the interference with the easement, which is itself property, is considered,pro tanto, a "taking" of the property for which compensation must be allowed, rather than a tortious interference with the right. Hiatt v.Greensboro, supra; Phillips v. Telegraph Co., 130 N.C. 513,41 S.E. 1022; Stamey v. Burnsville, 189 N.C. 39, 126 S.E. 103.
But the application of the doctrine to particular situations has differed.
Where there is no actual encroachment on the property, but only the question of interference with the appurtenant easement, since the right itself springs out of and attaches to the use of a public facility, conservative opinion tends strongly to limit it to such reasonable recognition as will meet the exigencies involved in the owner's use of his property, and yet will not unduly restrict the government in functioning for the public convenience and necessity.
It is understood that absolute equality of convenience cannot be achieved, and those who take up their residence or purchase and occupy *Page 171 
property in proximity to public roads or streets do so with notice that they may be changed as demanded by the public interest. To justify recovery in such case, the damages must be direct, substantial and proximate, and not such as are attributable to mere inconvenience — such as being compelled to use a longer or more circuitous route in reaching the premises. McQuillin, op. cit., supra, § 1527 (1410). It is not enough that the vacation results merely in some inconvenience to his access, or compels a more circuitous route of access, or a diversion of traffic from the premises, or a consequent diminution in value. 18 Am. Jur., Eminent Domain, sec. 225. An inconvenience of that nature is held to be no different in kind, but merely in degree, from that sustained by the general public, and is damnum absque injuria. Buhl v. Fort Street Union Depot Co.,98 Mich. 596, 57 N.W. 829; see Crowell v. Power Co., 200 N.C. 208,156 S.E. 493; Mosteller v. R. R., supra (220 N.C. 275, 17 S.E.2d 133).
The nature of the easement in the street acquired by the abutting owner leads us to a further consideration of its physical extent under the circumstances of this case. How far along the street each way from the abutting property is it effective? It seems clear that the owner is not entitled to freeze the map, or demand compensation for municipal changes in the street, however remotely they occur.
Pertinent to the inquiry, we quote the following terse statement from an able and careful authority on the subject: "If the street directly in front of one's property is not vacated but the portion vacated is in another block, so that he may use an intersecting cross street, although perhaps it is not quite so short a way nor as convenient, it is almost universally held that he does not suffer such a special injury as entitles him to damages. And this is so notwithstanding the new route is less convenient or the diversion of travel depreciates the value of his property." McQuillin,loc cit., supra. See Lewis, Eminent Domain (3rd Ed.), § 203. "Damages may not ordinarily be recovered for the vacation or closing of a street in another block from that in which the complainant's property is located, or, in other words, beyond the next cross street." 18 Am. Jur., Eminent Domain, sec. 225; Re Hull, 163 Minn. 439, 204 N.W. 534, 205 N.W. 613, 49 A.L.R., 320; Annotations, 49 A.L.R., 361, 93 A.L.R., 644. We believe the principle thus expressed to be an adequate answer to our inquiry, and it meets our approval.
These authorities are in accord with those of our own State, holding that the mere imposition of an inconvenience of that character gives rise to no cause of action. Crowell v. Power Co., supra; Mosteller v. R. R., supra.
The plaintiffs rest their case upon the exceptional situation presented in Hiatt v. Greensboro, supra (201 N.C. 515, 160 S.E. 748), in which *Page 172 
case recovery was allowed on the ground that the closing of the street immediately adjacent to the abutting property had left it in a cul-de-sac
without the possibility of continuous passage in front of it either way. In the opinion it is carefully pointed out that there was no street between plaintiff's property and the railroad. The decision is amply supported by authority — although there is much to the contrary — and we have no occasion to disturb it. It is in accord with the rule applied in many of the texts. "In those jurisdictions where the compelling of the taking of a more circuitous route is held not a special injury, a distinction has been drawn between an obstruction putting plaintiff's property in a cul-de-sac and one not so doing, there being an intersecting street between plaintiff's property and the obstruction, and it is held in the former class of cases that there is a special injury." McQuillin, op.cit., supra, § 1487 (1383). This is not at all out of harmony with the rule we apply in the case at bar. The language employed by the learned and careful justice who spoke for the Court in Hiatt v. Greensboro, supra, is reminiscent of the above passages from McQuillin and other authorities cited, in which the situation presented in the Hiatt case, supra, and that presented in the case under consideration are contrasted, and different conclusions drawn. There is no reason to believe that he was not advertent to the distinction between the two, or that the Court intended to extend the doctrine beyond the limitations here expressed.
Applying these principles to the facts before us, we find that plaintiffs' evidence — the defendant offered none — discloses that between their property and the railroad and closed crossing, the city has for three years maintained, and the public has for that period used, a street through which access may be had to the underpass a short distance away, and through it to the general system of streets on the other side of the railroad. Through this street traffic may pass continuously, both ways, by plaintiffs' property, into and out of Massey Street between that property and the railroad.
Plaintiffs are not in a position to complain that the evidence relating to the street was not submitted to the jury. As stated, it is plaintiffs' own evidence, was without material contradiction in its parts, and it tends to show the existence of such a street maintained by the municipality and used by the public for the period stated. It had no contrary significance which would justify its submission to the jury, and the plaintiffs are bound by it.
There is no issue here between parties who may assert conflicting claims to the locus occupied by the street. In an action of this kind, and in the relation these litigants have to the subject matter, upkeep of this street by the municipality and its use by the public for a period of three years under the conditions appearing in the evidence are sufficient to raise, *Page 173 prima facie, a presumption that it is a public street. Campbell v. Elkins,58 W. Va. 308, 52 S.E. 220; Elliott, Roads and Streets (4th Ed.), Vol. 1, §§ 167-169; 25 Am. Jur., Highways, sec. 48.
Moreover, the plaintiffs have alleged that their property has been placed in a cul-de-sac by the closing of the street at the crossing. Proof of this allegation is essential to recovery. Taken in its most favorable light for the plaintiff in this respect, the evidence does not tend to support the alleged cause of action. The judgment of the court below is
Affirmed.